[No. 7,258.—Department Two.]

## SAMUEL HANDLEY v. E. P. FIGG ET AL.

APPEAL—EXCEPTION—SUFFICIENCY OF EVIDENCE—FINDINGS.—An exception to the decision on the ground that it is not supported by the evidence can not be reviewed on an appeal from the judgment, if not taken within sixty days after its rendition.

FINDINGS—TRUST—FORMER ADJUDICATION—ESTOPPEL.—The findings in this case held to be sufficient to support the judgment.

APPEAL from a judgment for the defendant in the Fifth District Court, County of San Joaquin. BOOKER, J.

Action to establish a trust in land and compel a conveyance by the defendant to the plaintiff. The complaint in effect alleged the following facts: On the 23d day of October, 1873, one A. W. Cox purchased from the State of California the land in controversy, and received a certificate of purchase therefor, and afterwards died. One Lyons was duly appointed his administrator, and under proper proceedings in the Probate Court sold the land on June 15th, 1877, at public auction, and

the plaintiff became the purchaser and received a conveyance. During these proceedings J. C. Cox, a son of the intestate, had the certificate in his possession, and without authority transferred it to the defendant Figg, who procured the issue of a patent to himself. The answer denies each of these allegations, and pleads as an estoppel a former adjudication in favor of the defendant Figg in an action brought by him against the plaintiff and others. The Court in effect found the purchase of the land by Cox, his death, appointment of an administrator, a sale of the land, and a purchase by the plaintiff as alleged in the complaint, and also found as follows:

10. That one J. C. Cox, after the death of A. W. Cox, had possession of said certificate of purchase and transferred the same to said Figg.

11. That said Figg obtained a patent from this State on said certificate and paid the balance of the purchase moneys, eighty dollars.

12. That, on the 10th day of December, 1874, defendant Figg brought an action against plaintiff, alleging that said Figg was the owner of said land, and that this plaintiff withheld the same from said Figg. That this plaintiff defended said action, and on the 18th day of October, 1875, this Court rendered judgment against this plaintiff and in favor of said Figg for the possession of said land.

13. That defendant Curtis is in possession of said land as a tenant of said Figg.

14. That said J. C. Cox duly, and by and with authority, transferred the said certificate of purchase to the defendant Figg, and said Figg, without fraud or fraudulent representations or proofs, procured from the duly authorized officers of the State a patent for the said land in due form, which said patent bears date September 3d, 1877, and was duly recorded in the Recorder's office of said county on the 4th day of the said month, and said patent vests the legal title to said land in the said defendant Figg.

Petition for hearing in Bank was filed in this case after judgment, and denied.

*Byers & Elliott,* for Appellants.

The allegation of the complaint that J. C. Cox transferred

the certificate without authority is a mere conclusion of law and superfluous, and the finding is a mere conclusion of law. As it is not pretended that J. C. Cox sold otherwise than subject to the power of the Probate Court to order the property sold to pay debts, etc., the plaintiff should have judgment on the findings.

*J. B. Hall,* for Respondent.

The appellant stands upon the judgment-roll alone. The bill of exceptions goes entirely to the insufficiency of the evidence to support the 14th finding. This exception can not be reviewed, as the appeal is taken from the judgment, and more than sixty days after the rendition of the judgment, and more than sixty days from April 3d, 1880. (Code Civ. Proc., § 939; *Clark* v. *Gridley,* 49 Cal. 105, 108; Stat. 1880, p. 121.)

*Byers & Elliott,* on petition for rehearing.

The findings, omitting the 14th, show that A. W. Cox bought the land, died, and his administrator by regular proceedings sold the land to Handley. Upon the argument we took the position that 14 was consistent with the other thirteen, but the Department holding that the 14th sustains the judgment, we submit the point, that the 14th and other thirteen findings are antagonistic. (*Manly* v. *Howlett,* 55 Cal. 94.) A. W. Cox having bought the land, the presumption of law is, that he continued the owner till death. (*Payne* v. *Treadwell,* 16 Cal. 222; *Salmon* v. *Symonds,* 24 id. 266; Code Civ. Proc. 1953.) We also venture to suggest, that the 14th finding is a conclusion of law as to the words "by authority," and that the finding as well as the allegation of the complaint amounts simply to a finding and an allegation that J. C. Cox sold.

The COURT:

The judgment from which this appeal is taken was entered on the 31st day of December, 1879, and the notice of appeal was not served and filed until the 11th day of June, 1880. As the appeal was not taken within sixty days after the rendition of the judgment, the exception to the decision on the

ground that it is not supported by the evidence can not be reviewed on this appeal, which is from the judgment alone.

We think that the findings support the judgment, and that is all that we are called upon to decide upon this record.

Judgment affirmed.