[No. 8,227.—Department One.]
Aug. 25, 1882.

# SARAH ANN BETTIS ET AL. *v.* A. TOWNSEND.

DEED INTENDED AS MORTGAGE.—The I. O. O. F. of Red Bluff, a corporation, loaned to the defendant seven hundred dollars, for the purpose of redeeming certain real estate, the property of one B. for the benefit of the plaintiffs who were his children—the property being subject to a deed of trust made by B. to secure a debt. The property was redeemed by defendant pursuant to this understanding and reconveyed to B. by the Trustees, who thereafter conveyed the same in pursuance of the above arrangement to defendant by deed absolute in form for the consideration expressed in seven hundred dollars. Afterwards the defendant sold the land for twelve hundred dollars; and this action is brought to recover the difference of five hundred dollars. *Held:* The transaction constituted a mortgage.

ID.—ACTION BY BENEFICIARY OF TRUST.—The action was properly brought in the names of the beneficiaries of the trust.

SUFFICIENCY OF EVIDENCE—APPEAL.—The sufficiency of the evidence to justify the findings can not be reviewed upon an appeal from the judgment not taken within sixty days after the judgment was rendered.

APPEAL from a judgment for plaintiff in the Superior Court of the County of Tehama. KEYSER, J.

*John F. Ellison,* and *Chipman & Garter,* for Appellant.

*Chas. N. Fox,* for Respondents.

The COURT:

The Court below found that the Independent Order of Odd Fellows of Red Bluff, a corporation duly incorporated, loaned to the defendant the sum of seven hundred dollars for the purpose of redeeming real estate (described in the complaint) the property of one R. S. Bettis, for the benefit of the plaintiffs, who are the children of said Bettis.

That at the time of making the loan defendant accepted the same for the purpose of redeeming the real estate for the benefit of Bettis and his children, and agreed, in case the property should be sold for more than the loan due the bank, and other necessary expenses incurred, he would pay over to the plaintiffs the surplus.

That the property was redeemed by defendant pursuant to

such understanding, and was reconveyed to said Bettis by the bank from which the same was redeemed by the payment of six hundred and forty dollars and interest. That thereafter said Bettis conveyed the premises to defendant, by deed absolute in form, for the consideration expressed of seven hundred dollars. That thereafter, and on the twenty-sixth of July, 1877, defendant sold and conveyed said property to J. O. Potts, for the sum of one thousand two hundred dollars, and received that amount from said Potts. The judgment below was for five hundred dollars in favor of plaintiffs.

The decision of the Court below was somewhat informal, but, in a portion of it, separate from the conclusions of law (C. C. P. 633), the Court inferred from the evidence that R. S. Bettis was made acquainted with the arrangement between the Odd Fellows Lodge and defendant, assented to it, and did all that was necessary for him to do to carry it into effect. These findings are within the issues made by the pleadings. The appeal is taken by defendant from the judgment.

We must assume that all the findings of the Court below were sustained by the evidence, because the appeal was not taken within sixty days after the judgment was rendered. (C. C. P. 939.)

It is not necessary to inquire, because it is immaterial in the view we take, whether the Superior Court erred in admitting oral testimony with respect to the purpose for which the money was loaned by the Lodge of Odd Fellows to the defendant. The findings show that, as between R. S. Bettis and defendant, the deed from said Bettis to defendant was intended as a mortgage to secure the seven hundred dollars.

The findings also show that it was agreed that any difference between the seven hundred dollars and the amount received by defendant upon the sale of the land, in case the land should be sold by defendant should be held in trust for the benefit of plaintiffs. This was a trust relating to personal property, and could be taken advantage of by the beneficiaries, the present plaintiffs. (C. C. 2,251.)

Judgment affirmed.