[No. 14959. Department Two.—August 10, 1893.]

A. FORNI, RESPONDENT, v. GEORGE M. YOELL ET AL., APPELLANTS.

99   173
126  453

99   173
e129 358
e129 359
e129 360

99   173
135  119
f135 120

APPEAL—UNDERTAKING—STIPULATION—WAIVER—DISMISSAL.—Where the parties to the record upon appeal stipulate and agree "that the appellant has in due time given and filed a good and sufficient undertaking on appeal," it must be supposed by the appellate court either that such undertaking was filed or that the filing thereof was waived, and a motion to dismiss the cause for want of an undertaking upon appeal should not prevail upon that ground.

ID.—NEW-TRIAL ORDER—TIME FOR NOTICE OF INTENTION—NOTICE OF DECISION—WAIVER—NOTICE OF MOTION TO DISMISS ACTION.—Where the record upon appeal from an order denying defendants' motion for a new trial shows that notice of their intention to move for a new trial was not filed within ten days after service by them of notice of their motion to dismiss the action, upon the ground of the failure of the plaintiff to enter judgment within six months after the filing of the findings and decision, the date of which is stated in the notice, they must be held to have thereby waived the written notice of the decision as of that date, and there being no extension of time, their notice of intention to move for a new trial came too late, and the order denying the new trial must be affirmed.

ID.—NEW-TRIAL STATEMENT—USE ON APPEAL FROM JUDGMENT.—Where an appeal from the judgment was not taken within sixty days after its rendition, exceptions to the sufficiency of the evidence to support the decision contained in a statement used on motion for a new trial cannot be considered or reviewed upon the appeal from the judgment.

Motion in the Supreme Court to dismiss an appeal from an order of the Superior Court of Santa Clara County, denying a new trial.

The facts are stated in the opinion.

*W. L. Gill,* for Appellants.

*F. B. Laine,* and *Jackson Hatch,* for Respondent.

For the failure of the appellants to file an undertaking on their appeal from the order denying their motion for a new trial, the appeal should be dismissed and this motion granted. (*Pacific Paving Co.* v. *Bolton,* 89 Cal. 154; *Perkins* v. *Cooper,* 87 Cal. 244; *Crew* v. *Diller,* 86 Cal. 554; *Schurtz* v. *Romer,* 81 Cal. 245.)

Searls, C. — This is an action of ejectment. Plaintiff had judgment, from which and from an order denying a new trial defendants appeal. Respondent objects to the appeal from the order denying a new trial, and moves to dismiss the same upon the ground that no undertaking was filed. This motion would be unanswerable under the rule laid down in *Pacific Paving Co.* v. *Bolton,* 89 Cal. 154; *Perkins* v. *Cooper,* 87 Cal. 244; *Crew* v. *Diller,* 86 Cal. 554, and other cases of like import, but for one thing, and that is that counsel for respondent and appellants stipulated in due form as follows: " And it is stipulated and agreed that the appellant has in due time given and filed a good and sufficient undertaking on appeal in said cause." Under such a stipulation we must suppose either that a good and sufficient undertaking was filed, or that the filing thereof was waived under section 940 of the Code of Civil Procedure. (*Bonds* v. *Hickman,* 29 Cal. 461; *Carey* v. *Brown,* 58 Cal. 185.) The motion to dismiss for this cause should not prevail.

There is another and a fatal objection to the appeal from the order denying a new trial. It is that the notice of the motion for a new trial was not given within ten days after notice of the decision of the court. The statement shows that the cause was tried by the court; that on the twenty-seventh day of February, 1890, "the court filed its findings of fact and conclusions of law in writing, ordering judgment to be entered in favor of the

plaintiff and against the defendant for the relief prayed for in the complaint." The judgment was not entered on the findings and order until April 6, 1891.

On the sixteenth day of March, 1891, the defendants by their attorney gave notice of a motion to dismiss the action, upon the ground that "the findings and decision of the court upon the final submission of this action were filed February 27, 1890, and the party plaintiff thereby entitled to judgment has ever since neglected to demand and have the same entered for more than six months since the filing of said findings and decision." The motion was noticed for hearing March 23, 1891. Service was made upon the attorney for plaintiff March 16, 1891, and the notice filed on the same day. The motion to dismiss was argued and denied by the court March 30, 1891. It will be observed that if the notice of March 16, 1891, is deemed sufficient evidence of notice of the filing of the decision, the notice of intention to move for a new trial given more than ten days thereafter, to wit, on April 6th, came too late, and defendant's right to move was lost.

Counsel for plaintiffs objected to the settlement of the statement upon the grounds above set forth, and in support of their objection offered the records, files, notice, etc., establishing the foregoing facts.

Hon. Francis E. Spencer, before whom the proceedings to settle the statement were being had, declined to rule upon the objection upon the ground that having ceased to be a superior judge he had no power to do so, and he thereupon ordered the facts incorporated in the statement, and they were so incorporated, settled, and certified. Plaintiff's counsel excepted to the refusal. The statute (Code Civ. Proc., sec. 659) provides that "the party intending to move for a new trial must within ten days after . . . . notice of the decision . . . . if the action were tried without a jury, file with the clerk, and serve upon the adverse party a notice of his intention," etc.

The question here is, Did the appellants either have or waive the notice of decision more than ten days before giving their notice of intention to move for a new trial? The strongest case in favor of appellants which I have found is that of *Biagi* v. *Howes,* 66 Cal. 469. In that case defendant's attorney was

present in court when the decision was rendered, and asked for and obtained an order from the court staying proceedings on the judgment for twenty days, and the court held that he was not bound thereby, but had a right to wait for a notice in writing. The decision proceeds upon the ground that a written notice is more definite and certain, and tends to prevent controversies, which under any other construction would be likely to arise, "and which all accords in our opinion with the intention of those enacting the statute." In *Barron* v. *Deleval,* 58 Cal. 95, the defendant's attorney was present in court when his demurrer to the complaint was overruled, and thereupon asked and obtained leave to file an answer within five days. His answer not having been filed default was entered. His contention was that not having been served with written notice of the decision on the demurrer, the time did not run against him, and based his contention upon section 476 of the Code of Civil Procedure, which provides that "when a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order." The court held the notice sufficient, and said: "What purpose would a written notice of a fact of which the attorney had direct and positive knowledge have subserved? Would it not have been a vain and idle ceremony to have given him a written notice under the circumstances discussed in this case? And not only did the attorney have actual knowledge of the fact that his demurrer was overruled, but he acted upon such knowledge by asking and obtaining leave of court to file his answer within five days. To hold that the party and his attorney were not bound by this proceeding had in open court would be trifling with justice, and also subversive of sound principles of law and morals."

There is no doubt but that where, under the various provisions of our code, notice of a decision is required to be given, written notice is usually intended. (Sec. 1010.) The principle involved in nearly all the cases, whether relating to the time of filing cost bills, amendments to pleadings, the time within which to plead, to move for new trials, and to perform other acts where time is given after notice of the decision, is substantially the same, and it is believed that the seeming discrep-

ancy between a few of the cases is to be found in the fact of confounding the question of what is a sufficient service of notice, with the very distinct one of a waiver of notice, and what amounts to such waiver.

"Any one may waive the advantage of a law intended solely for his benefit; but a law established for a public reason cannot be contravened by a private agreement." (Civ. Code, sec. 3513.) The evidence of a waiver which deprives a party of a positive right granted him by law should be of such positive and conclusive character as to leave no rational doubt; but where, as in the present instance, it is furnished by the party himself, has by him been placed upon the files of the court, and made the basis upon which to predicate an application to the court for relief, which could only be granted upon the theory that the given fact existed (viz., that the findings and decision were made and filed), there is nothing left to doubt or uncertainty. In such a case there is no room for suggesting that the party may not have comprehended the information which he received, no room for a discussion of the really important question as to whether knowledge is and should in all cases be treated as notice, and, if so, as to the extent of the knowledge which constitutes notice.

In *Waddingham* v. *Tubbs*, 95 Cal. 249, it was held that a notice by the plaintiff, in whose favor the judgment had been rendered, of his intention to move for a new trial, and to "set aside and vacate the decision and judgment heretofore rendered, and entered herein," was a sufficient notice in writing that a decision had been rendered therein to conclude the defendant; who also gave a like notice of intention to move for a new trial, but not within ten days after receiving plaintiff's notice.

In *People* v. *Center*, 9 Pac. C. L. J. 776, it was held that by taking an appeal from the judgment without waiting for notice of decision, the losing party waived such notice, and that a notice of intention to move for a new trial, given more than ten days thereafter, came too late.

I am of opinion that when, on the sixteenth day of March, 1891, defendants gave notice of a motion to dismiss the action upon the ground that the "findings and decision upon the final submission of this action were filed February 27, 1890, and

the party plaintiff thereby entitled to judgment," etc., filed the same among the papers in the cause, and prosecuted their motion to a decision in the court, they must be held to have waived the notice of decision provided for in section 659 of the Code of Civil Procedure, as of the date of such notice to dismiss, to wit, March 16, 1891, and as the notice of intention to move for a new trial was not served and filed until April 6, 1891, more than ten days thereafter, and as no extension of time was had, their notice came too late. (*San Francisco etc. Ass'n* v. *Porter*, 58 Cal. 81; *Barron* v. *Deleval*, 58 Cal. 95; *Kelleher* v. *Creciat*, 89 Cal. 38; *Wall* v. *Heald*, 95 Cal. 364; *Waddingham* v. *Tubbs*, 95 Cal. 249; *Dow* v. *Ross*, 90 Cal. 562; *Gray* v. *Winder*, 77 Cal. 525; *Mullally* v. *Irish American Benevolent Soc.*, 69 Cal. 559; *O'Neil* v. *Donahue*, 57 Cal. 226; *Cottle* v. *Leitch*, 43 Cal. 322.)

As to the appeal from the judgment, section 950 of the Code of Civil Procedure provides, among other things, that "any statement used on motion for new trial . . . . may be used on appeal from a final judgment," etc. Conceding, without deciding, that the statement in this case upon a motion for a new trial which came too late can be thus used, still the exception to the decision, "on the ground that it is not supported by the evidence," cannot be reviewed on this appeal, because such appeal was not taken within sixty days after the rendition of the judgment, as provided in subdivision 1 of section 939 of the Code of Civil Procedure.

The judgment was entered April 6, 1891, and the appeal perfected December 31, 1891, a period of more than eight months after the rendition of the judgment. (*Hindley* v. *Figg*, 58 Cal. 578; *Bettis* v. *Townsend*, 61 Cal. 333.)

The findings support the judgment. There was no error on the part of the court in refusing to strike out testimony given by Brassy, Sauawain, Farin, and Bury. The motion for a nonsuit was properly refused.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, judgment and order affirmed.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J.