[L. A. No. 727. Department One.—July 30, 1900.]

HENRY MALLORY et al., Appellants, v. RACHEL J. SEE et al., Respondents.

NEW TRIAL—NOTICE OF INTENTION—LIMITATION OF TIME.—The time for serving and filing a notice of intention to move for a new trial is not necessarily limited by the time in which an appeal may be taken from the judgment; and, except in cases of laches or waiver, the time therefor is not limited otherwise than as expressed in section 659 of the Code of Civil Procedure.

ID.—WRITTEN NOTICE OF DECISION—CONSTRUCTION OF CODE.—The notice of decision required by section 659 of the Code of Civil Procedure is, by the terms of section 1010 of the same code, required to be in writing; and section 659 is to be construed as if the terms therein were "after written notice of the decision of the court."

ID.—ACTUAL NOTICE OF DECISION—AFFIDAVIT OF OPPOSITE PARTY—INTENT OF STATUTE— RUNNING OF TIME.—Mere actual notice of the decision of the court, not evidenced by written notice, or by facts establishing a legal waiver thereof, but proved merely by affidavit of the opposite party, cannot be a substitute for the written evidence of notice prescribed by the statute. The obvious intent of the statute cannot be thus defeated; and the time within which to give notice of intention to move for a new trial will only run from written notice of the decision, unless a waiver thereof is properly shown.

ID.—WAIVER OF WRITTEN NOTICE OF DECISION — RECORD PROOF.—The statutory provision requiring written notice of the decision of the court is solely for the benefit of the moving party, and may be waived by him; but it will only be deemed waived when the waiver is evidenced by some act or acquiescence of the moving party manifested by the record, files, or minutes of the court. Where the moving party has acted in open court or in the proceedings of the cause as if he had formal notice of the decision, his acts constitute a waiver of such formal notice.

APPEAL from an order of the Superior Court of San Luis Obispo County striking from the files a notice of intention to move for a new trial.   E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Graves & Graves, and John A. Kimball, for Appellants.

Venable & Goodchild, for Respondents.

SMITH, C.—The superior court made an order striking from the files the notice of intention to move for new trial.   The respondents contend that the notice of intention was too late: 1. Because filed more than six months after judgment; and 2. Because filed more than ten days after actual notice of the decision.

1. On the first point it is contended that by the expiration of the time allowed for appeal a judgment becomes final, and can no longer be reviewed, either directly or indirectly, by motion for new trial.   Hence, it is claimed, the time allowed by section 659 of the Code of Civil Procedure for filing the motion is to be regarded as limited to the period of six months allowed for appeal from the judgment.   Numerous sections of the Code of Civil Procedure and several cases are cited in support of this contention, but do not seem to sustain it.   Nor is there anything in the section itself to indicate such intention.   We must hold, therefore, that—unless by the general principles of the law, in cases of laches—there is no limit of time for filing the notice other than that expressed in the section.

2. No written notice of the filing of the decision was given, but it is claimed that the notice of intention was filed "more than ten days after appellants had actual notice of the decision." Two affidavits were filed in support of this contention—one by one of the defendants, to the effect that she had informed one of the plaintiffs that judgment had been entered, and that thereupon "both plaintiffs and defendants commenced to use the water" in controversy under, and as prescribed by, said judgment; the other, by one of defendants' attorneys to the effect that after the judge had decided that plaintiffs were entitled to the use of the water in suit for four, and defendants for three, days in each week an agreement was made between him and one

of plaintiffs' attorneys that "plaintiffs' time should commence, and defendants' time end, at noon of each Sunday"; and that under this agreement the conclusions of law and judgment so provided. These allegations are not denied.

It can hardly be doubted—if we apply to the case the ordinary rules of evidence—that the plaintiffs had actual notice or knowledge of the decision; that is to say, not necessarily of the date, but of the fact. Plaintiffs' attorneys were informed of the judge's decision, and agreed upon terms to be embodied in the written decision and judgment about to be filed, and which were filed accordingly; and immediately thereafter all the parties commenced to use the water as prescribed in the judgment. If, therefore, the rule is as claimed by respondents—that is to say, if the time prescribed by section 659 of the Code of Civil Procedure commences to run from the time of actual notice or knowledge to the party moving for new trial, we would have to sustain the order appealed from.

But to hold this would be to go beyond any case yet decided, and, we think, beyond the intention not only of the statute, but of any of the decisions.

The notice prescribed in section 659 of the Code of Civil Procedure is, by an express provision of the code, a notice "in writing." (Code Civ. Proc., sec. 1010; *Forni v. Yoell,* 99 Cal. 176; *Biagi v. Howes,* 66 Cal. 470.) The provisions of the code are therefore essentially identical with those of the old practice act, which prescribed "written notice," and hence the decisions under the latter apply here. (*Sawyer v. San Francisco,* 50 Cal. 370; *Roussin v. Stewart,* 33 Cal. 208; *Burnett v. Stearns,* 33 Cal. 468; *Carpentier v. Thurston,* 30 Cal. 123; *Borland v. Thornton,* 12 Cal. 446.) The last case refers to a notice to dissolve an injunction, of which it is said: "When the statute speaks of notice it means written notice, or notice in open court, of which a minute is made by the clerk." The others refer to notices of filing of decision; and all hold that the notice prescribed by the statute is written notice. The provision in section 659 of the Code of Civil Procedure must, therefore, be read as though the terms were "after written notice of the decision of the court," as is in fact held in the two cases first cited *supra.*

But this provision of the statute is subject to the rule, universal in its application, that "anyone may waive the advantage of a law intended solely for his benefit." (Civ. Code, sec. 3513; *Forni v. Yoell, supra.*) And "when a party acts as if he had formal notice of a decision, such acts constitute a waiver of such formal notice." (*Gray v. Winder,* 77 Cal. 527.)

In the case cited the plaintiffs (who afterward moved for new trial) were present in court, objected to the findings and asked for further findings, which were thereupon made and filed, which was held to be a waiver.

The same rule was held to apply in the following cases, namely: *O'Neil v. Donahue,* 57 Cal. 231, where defendant (who afterward moved for new trial) served the plaintiff with notice of decision; *Barron v. Deleval,* 58 Cal. 97, where "appellant waived his right to a written notice [of ruling on demurrer] by applying to the court for leave to answer"; *Thorne v. Finn,* 69 Cal. 254, where defendants had given a previous notice of intention to move for new trial; *Mullally v. Benevolent Soc.,* 69 Cal. 560, a similar case; *Forni v. Yoell, supra,* where defendants had moved to dismiss the action because the findings had been filed more than six months without the entry of judgment; and *California Imp. Co. v. Baroteau,* 116 Cal. 137, where appellant had moved to modify and set aside the findings of fact and conclusions of law.

In all the cases cited—which, with exceptions to be noted presently, include all the cases on the subject that have been brought to our attention—the decision was put upon the ground that written notice of the filing of the decision had been waived; and in every case the waiver was evidenced by some act or acquiescence of the party in open court or in the proceedings in the case, appearing from the records, files or minutes. The rule would therefore seem to be that written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files, or minutes of the court; and it follows that actual notice or knowledge, other than by written notice, is insufficient in any case unless it appears, from facts thus evidenced, that written notice was waived. This is in effect held to be the rule in *Forni v. Yoell, supra,* where the distinction between actual notice and waiver is pointed out and explained.

The only case in which this principle has been departed from is that of *Dow v. Ross*, 90 Cal. 563, where actual knowledge, appearing from the affidavit of the moving party, was held to be sufficient to dispense with written notice; though in fact there was no evidence of waiver. But to adopt this rule would be to substitute for the written evidence prescribed by the statute, or the record evidence hitherto allowed by the court, the less satisfactory evidence of affidavits of interested parties; and thus to defeat the obvious intent of the statute.

We have cited the case of *Biagi v. Howes, supra,* on the point that the notice prescribed by section 659 of the Code of Civil Procedure is "notice in writing," and hence that the party intending to move for a new trial has a right to wait for such notice. To this extent the case has never been overruled, and it is, as we have said, in effect affirmed by the decision in *Forni v. Yoell, supra;* though, of course, the written notice prescribed may be waived.

We therefore advise that the order of the court below striking from the files of the court plaintiffs' notice of intention to move for a new trial be vacated and set aside and the cause remanded for further proceedings.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order of the court below striking from the files of the court plaintiffs' notice of intention to move for a new trial is vacated and set aside and the cause remanded for further proceedings.

Temple, J., Harrison, J., Garoutte, J.