[Crim. No. 862. In Bank.—March 21, 1902.]

In re MAYNE KNOWLTON on Habeas Corpus.

HABEAS CORPUS—VIOLATION OF PRISON RULE BY CONVICT—DEPRIVAL OF CREDITS—REGULAR HEARING.—When it appears that after a regular hearing of charges regularly preferred against a convict in the state prison upon due notice and sufficient opportunity to him to present his defense, he has been found guilty of violating a recognized and proper rule of the state prison, and deprived of credits therefor, under section 20 of the act of 1889 (Stats. 1889, p. 104), it is not the province of this court upon *habeas corpus* to review the sufficiency of the evidence upon which the board of state prison directors acted in determining his guilt.

WRIT of *habeas corpus* from the Supreme Court to the Warden of the State Prison at San Quentin. M. G. Aguirre, Warden.

The facts are stated in the opinion of the court.

Frank J. Murphy, for Petitioner.

Tirey L. Ford, Attorney-General, and A. A. Moore, Deputy Attorney-General, for Respondent.

HENSHAW, J.—The writ in this case was issued upon petitioner's verified statement, that having been convicted of

a felony and sentenced to serve a term in the state prison at San Quentin, he had since his incarceration therein faithfully obeyed and complied with the laws of the state, and all the rules and regulations of the prison, and that, taking into consideration the credits for good conduct to which he was entitled under the law, the term of his imprisonment had expired, and he was entitled to his discharge; that, notwithstanding this, he was unlawfully and illegally restrained of his liberty by the warden of the prison; that the only pretense or claim made by the warden for his conduct in this regard was, that "on or about the fourteenth day of January, 1899, the board of prison directors of the state of California arbitrarily and without any notice to the said Knowlton, or to any other person, and without giving him an opportunity to be heard in his own defense, and without the filing or making of any charges against the said H. W. Knowlton, and without any proofs or any testimony that the said H. W. Knowlton was guilty of a violation of any of the rules or regulations of said prison, or any violation of the law, caused to be entered in the minutes of the said board of prison directors the following entry: 'George Knowlton charged with smuggling money in prison, plead not guilty, found guilty, deprived of six months' credits.' " "George Knowlton" is the person who here petitions as Mayne Knowlton.

By section 20 of an act to regulate and govern the state prisons of California (Stats. 1889, p. 104), a convict is entitled to certain graded deductions from his term of imprisonment, based upon his good conduct and compliance with the laws of the state and the rules of the penal institution, and herein it is provided: "But if any convict shall commit any assault upon his keeper, or any foreman, officer, convict, or person, or otherwise endanger life, or shall be guilty of any flagrant disregard of the rules of the prison, or commit any misdemeanor, or in any manner violate any of the rules and regulations of the prison, he shall forfeit all deductions of time earned by him for good conduct before the commission of such offense, or that, under this section, he may earn in the future, or shall forfeit such part of such deductions as to the board of directors may seem just; such forfeiture, however, shall be made only by the board of directors after due proof of the offense and notice to the offender; nor shall any

forfeiture be imposed when a party has violated any rule or rules without violence or evil intent, of which the directors shall be the sole judges.''

This section requires that the board of directors, before they shall take action, shall have given notice to the offender and heard proof touching the offense. The allegations of the petition above quoted were to the effect that the board had acted illegally and in excess of its jurisdiction in depriving the petitioner of a portion of his credits without the preferment of a charge, without notice to him, and without proof taken. Manifestly upon such allegations, solemnly verified, the petitioner was entitled to his hearing under the writ of *habeas corpus,* and the writ was ordered issued accordingly. Upon the return of the writ, and by the testimony taken at the hearing, it was, however, made to appear that a formal charge in writing had been preferred against the defendant, that he had been brought before the board to answer the charge, and had pleaded not guilty thereto; that evidence in support of the charge by the prison officials had been taken; and that the defendant had been given the opportunity to present counter evidence, if he saw fit. It was further shown that one of the prison rules and regulations prohibited prisoners from transmitting or receiving money to or from any person, without the consent of the warden first obtained. It is not the province of this court under the writ of *habeas corpus* to review the sufficiency of the evidence upon which the board of directors acted in reaching its determination as to the guilt of the petitioner. It is sufficient when it is shown, as here it has been shown, that after a regular hearing of charges regularly preferred, with due notice to the convict to appear, and sufficient opportunity to him to present his defense, he has been found guilty of violating a recognized and proper rule of the institution.

The writ is therefore discharged and the prisoner remanded.

McFarland, J., Garoutte, J., Van Dyke, J., Temple, J., and Beatty, C. J., concurred.