[Civ. No. 1534.    Third Appellate District.—May 15, 1916.]

## GUNNARD PETERSON, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF BUTTE et al., Respondents.

JUSTICE'S COURT—APPLICATION TO SET ASIDE JUDGMENT BY DEFAULT—TIME.—The time to file an application under section 859 of the Code of Civil Procedure to be relieved from a judgment entered by default in a justice's court, on the ground that such judgment had been taken by mistake, inadvertence, surprise and excusable neglect, begins to run from service of written notice of entry of the judgment as required by section 893 of the Code of Civil Procedure, as amended in 1915.

ID.—PREPARATION OF AFFIDAVITS—NOTICE OF ENTRY OF JUDGMENT NOT WAIVED.—Service of written notice of the entry of such a judgment is not waived by the mere preparation of affidavits to be used upon the application to be relieved therefrom.

APPLICATION for a Writ of Certiorari originally made to the District Court of Appeal for the Third Appellate District to annul an order of the Superior Court vacating a default judgment of a justice's court.

The facts are stated in the opinion of the court.

King & King, for Petitioner.

J. Oscar Goldstein, for Respondents.

HART, J.—*Certiorari.* The petition shows: That on the eighth day of December, 1915, the petitioner instituted an action in the justice's court of Nelson Township, Butte County, against W. B. Linn and William Utter, copartners engaged in business under the firm name and style of Linn & Utter, for the recovery of the sum of $230, alleged to be a balance remaining due on two promissory notes, together with costs of suit, including attorney's fees, as provided in said notes. On the same day, upon an affidavit filed for that purpose, a writ of attachment was issued and the same levied upon property belonging to the defendant, Utter.

On the fourteenth day of December, 1915, the defendants were each served with summons, together with a copy of the complaint, at Chico, in Butte County, and the constable serv-

ing the same made due return of such service on the sixteenth day of December, 1915.

On the sixteenth day of December, 1915, an undertaking for the release of the attachment was filed in the sum of $647.02.

On January 3d, the defendants having failed to answer or demur to the complaint within legal time, a default judgment was entered against them for the amount sued for and costs.

On January 15, 1916, J. Oscar Goldstein, attorney for the defendants, filed and served notice of a motion to set aside the judgment so entered on the ground that the same had been taken against the defendants through their "mistake, inadvertence, surprise and excusable neglect." (Code Civ. Proc., sec. 859.) Said notice fixed the time for the hearing of said motion for the twenty-fifth day of January, 1916, or ten days from the date of the filing and service of the notice. On the day last mentioned the motion was heard, and the justice denied the same, and so refused to set aside and vacate the default judgment entered against the defendants. Thereafter (February 2, 1916), the defendants took an appeal to the superior court from the order of said justice refusing to open up the default, the appeal being on questions of law only.

On the twenty-first day of February, 1916, the appeal was heard and, on the twenty-fourth day of that month, the superior court made the following order in the cause: "The clerk of this court is directed to enter an order sustaining the motion of the defendants to return this cause to the justice's court of Nelson Township, with directions to the justice of said court to set aside the default judgment and permit the defendants to file their answers and proper pleas to plaintiff's action against them. The defendants are entitled to recover their costs in this court on this appeal."

It is the foregoing order which the petitioner by this proceeding asks to have annulled and vacated on the ground that the superior court was without jurisdiction to make it. The contention is that the application by the defendants to be relieved from the judgment entered against them by default by the justice of the peace was not made within the time prescribed by section 859 of the Code of Civil Procedure. That section reads, in part: " . . . The court may also, on such terms as may be just, and on payment of costs, relieve a party from a judgment by default taken against him by his mistake,

inadvertence, surprise, or excusable neglect, but the application for such relief must be made within ten days after notice of the entry of the judgment and upon an affidavit showing good cause therefor.''

The supreme court has held that where an application for relief under section 859 of the Code of Civil Procedure is made, it must not only be filed, but must be called up for action thereon by the court and the court moved to grant it within ten days after notice of the decision has been served on the losing party. (*Spencer* v. *Branham,* 109 Cal. 336, [41 Pac. 1095] ; *People* v. *Ah Sam,* 41 Cal. 645.)

The application to the justice of the peace to set aside and vacate the default judgment was supported and resisted by affidavits filed by the respective parties, which, presumptively, were among the papers and documents used on the appeal to the superior court. (Code Civ. Proc., sec. 975.) The salient facts leading to this controversy, and upon which the determination of the question submitted here depends, are not disputed. It is, indeed, conceded that the defendants were not served with the written notice of the entry of the judgment against them by default required by section 893 of the Code of Civil Procedure, as amended by the legislature of 1915. (Stats. 1915, p. 1441.) It is claimed, however, that the fact of the preparation of the affidavits by which the defendants supported their application to be relieved from the default judgment constituted an unequivocal act of waiver of notice of the entry of said judgment, and that, therefore, the time within which the defendants were required to apply and move for an order setting aside the default began to run from the dates of said affidavits. These affidavits were made on the thirteenth and fourteenth days of January, 1916, or 11 and 12 days, respectively, prior to the date fixed in the notice of motion to vacate the default for the hearing of said motion, viz., the twenty-fifth day of January, 1916, and, obviously, if the time of the mere formulation or preparation of the affidavits constituted an act involving a waiver of notice of the entry of the judgment, then the time for application for relief under section 859 would, at the time of the preparation and execution of the affidavits, begin to run, and the defendants would, therefore, be without a remedy and the respondents without jurisdiction to make the order complained of. If, on the other hand, waiver did not take place until the filing of

the application in the justice's court, as is the theory of the respondents, then the defendants were within time and the jurisdiction of the respondents to make the order assailed here is unimpeachable.

It is a settled rule that where the statute requires notice to be given a party of any action of a court in any proceeding the notice so given must be precisely the one prescribed by the statute. Prior to the amendment of section 893 of the Code of Civil Procedure by the legislature of 1915, it was held that where, under various provisions of our code, notice of a decision is required to be given, written notice is usually intended. (*Forni* v *Yoell*, 99 Cal. 173, 176, [33 Pac. 887], citing sec. 1010, Code Civ. Proc.) Under the amendment of section 893, however, it is now imperatively required. But "any one may waive the advantage of a law intended solely for his benefit . . . " (Civ. Code, sec. 3513), and, accordingly, notice of a decision of a court may be waived. But, as is said, in *Forni* v. *Yoell*, 99 Cal. 173, 176, [33 Pac. 887], " the evidence of a waiver which deprives a party of a positive right granted him by law should be of such a positive and conclusive character as to leave no rational doubt." Likewise, in *Gardner* v. *Stare*, 135 Cal. 118, [67 Pac. 5], the court expresses itself. It is there said: "The evidence of such waiver must be clear and uncontradicted—not dependent upon oral testimony or *ex parte* affidavits." It is further said therein: "A written admission by a party entitled to notice, of knowledge that the decision had been made, filed with the clerk or entered upon the minutes of the court, would supersede the necessity of giving such notice; and a motion to the court or other proceeding by a party, with reference to the decision, which presumes his knowledge that it has been made, and by which he seeks to protect his own interest against the rights of the other party under the decision, will be regarded as a waiver of his right to a notice of the decision." Again in *Mallory* v. *See*, 129 Cal. 356, [61 Pac. 1123], it is said: "The rule would, therefore, seem to be that written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files, or minutes of the court."

In this case, J. Oscar Goldstein, attorney for the defendants, in his affidavit filed in the justice's court in support of the motion to vacate the judgment, declared that the first intimation he received of the entry of the judgment on the default

of the defendants was on the tenth day of January, 1916. On that day, he likewise declared, he met in Oroville one of the attorneys of the petitioner and by her was informed that the judgment had been entered on the third day of January, 1916; that, upon his return to his home at Chico, he conveyed to the defendants the information so obtained by him.

As before stated, the defendants had not been regularly served with notice of the decision or the entry of the judgment, and in their affidavits each deposed that he was much surprised upon being told by their attorney that a default judgment had been entered against them.

It is perfectly clear that the information obtained by Goldstein and the defendants of the entry of the judgment cannot be held to have amounted to the transmission to them of actual knowledge of the entry of said judgment. The information was the result of a mere hearsay statement, and, while it was doubtless sufficient to put the parties on their guard, or to start them on an investigation which would lead to actual knowledge of the fact of the entry of the judgment, it did not, as stated, constitute actual knowledge. Nor did the mere preparation and verification of the affidavits by which the defendants intended to support their motion to vacate the judgment upon such information involve a waiver of notice of the entry of the judgment. The mere preparation and verification of the affidavits did not constitute "a written admission" of knowledge, nor a "motion to the court or other proceeding with reference to the decision, which presumed knowledge that the decision had been made." The only motion or proceeding from which knowledge by the defendants of the entry of judgment may be presumed was the motion or application to be relieved from the default. And it was only when that application was filed that the waiver occurred, and consequently the time within which the defendants were required to make their motion, and ask the action of the court thereon, began to run from the date of the filing of said application. It results, of course, that the defendants were within legal time in the presentation of their application for relief under the terms of section 859 of the Code of Civil Procedure, and that the superior court, in making the order attacked by this proceeding, acted within the sphere of its lawful jurisdiction.

The demurrer, which was interposed by the respondents to the petition, is, accordingly, sustained, and the order to show cause discharged.

Chipman, P. J., and Ellison, J., *pro tem.*, concurred.