[Crim. No. 499. Third Appellate District.—January 15, 1920.]

## In the Matter of the Application of HENRY E. McDON-ALD for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—DISCIPLINE OF PRISONERS—RIGHTS AND POWERS OF STATE PRISON BOARD—SUMMARY PROCEEDINGS BEFORE BOARD.—The purpose of vesting in the governing board of the state prisons of California the right and the power to punish prisoners confined in those prisons in the manner prescribed by section 1588 of the Penal Code is to compel, on the part of such prisoners, obedience to the rules of discipline established for the government of the conduct of the inmates of those institutions, and a proceeding instituted by such board for the purpose of ascertaining and determining whether a prisoner confined in any of said prisons has been guilty, while such prisoner, of an infraction of any of the prison rules or of any law of the state may be summary in character.

[2] ID.—NATURE OF CHARGE AGAINST PRISONER — RIGHT TO BE IN-FORMED — COMPLIANCE WITH SECTION 1588, PENAL CODE.—A prisoner charged with an offense under section 1588 of the Penal Code is entitled to be informed, before he is put upon his trial, of the nature of such offense, but this requirement is sufficiently complied with where the charge is read and explained to him at the time of the hearing, whether such charge is merely entered in some book in which evidence of the proceedings of the board is preserved or written on a sheet of paper disconnected with any such book.

[3] ID.—SUFFICIENCY OF NOTICE OF HEARING.—While the provision of section 1588 of the Penal Code requiring that a prisoner confined in a state prison is entitled to notice of the pendency of the charge against him before the board is mandatory, so long as the prisoner is given due or such timely notice as will put him in possession of knowledge of the nature of the charge to which he is required to plead as will afford him sufficient opportunity for the preparation of any defense which he may have, whether such notice be given in writing or orally, it is sufficient.

[4] ID.—ENTRY OF PLEA OF GUILTY—WAIVER OF NOTICE OF HEARING.—Where a prisoner is brought before the prison board and, after the charge against him is read and explained, he does not express a desire to contest the same but enters a plea of guilty, he will be held to have waived any further or different notice than that which has been given him.

[5] ID.—CONFERRING OF JURISDICTION BY CONSENT — LIMITATION OF RULE AGAINST.—The expression that "jurisdiction cannot be con-ferred upon a court by the mere consent of the parties" means

that jurisdiction of the subject matter of an action or proceeding cannot be so conferred; but that rule has no application where the question is as to the jurisdiction of the tribunal of the person of a party to a controversy over a subject matter of which such tribunal has jurisdiction under the law.

[6] ID.—JURISDICTION OF PRISON BOARD OVER PRISONERS.—Under the law giving to the board of state prison directors its power as such, the said board has at all times for all the purposes of the state prisons and the government thereof jurisdiction of the persons of all prisoners confined therein.

APPLICATION for a Writ of Habeas Corpus to secure the release of a person confined in a state prison. Writ denied.

The facts are stated in the opinion of the court.

Jay L. Henry and Wachhorst & Wachhorst for Petitioner.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondents.

HART, J.—The petitioner, a prisoner confined in the state prison at Represa, this state, claiming that thus he is being illegally restrained of his liberty by the warden of said prison, asks, by this petition for a writ of *habeas corpus,* that he be discharged from such restraint and restored to his liberty.

The petition shows that the petitioner, having previously been duly convicted in the superior court of Los Angeles County of a felony and sentenced by said court to a term of five years in said state prison, was, in pursuance of said judgment of conviction and sentence, duly delivered into the custody of the warden of said prison on the thirteenth day of February, 1915; that, in the month of August, 1916, the petitioner, then a prisoner in said prison under the judgment above mentioned, was assigned by the prison authorities, upon the requisition of the department of engineering of the state of California, to employment at Susanville, Lassen County, in the work of constructing and improving the highway system of the state of California, said order of assignment to such employment having been made under and in pursuance of the provisions of an act of the legislature of the state of California, approved

45 Cal. App.—31

April 27, 1916, authorizing the employment of convict labor in the construction, improvement, and maintenance of the state highways; that, while he was so employed, and on the tenth day of December, 1916, the petitioner, as the petition delicately states it, "voluntarily absented himself from said employment" (which, in plain language, means that he made his escape from the officers under whose immediate charge he was so employed and so became a fugitive from justice), and remained "absent therefrom," as such fugitive, until the twenty-third day of April, 1917, when he was apprehended and placed under arrest and returned to the custody of the warden of said prison, "where he is now and ever since has been confined and detained." The petition further alleges that thereafter, to wit, on the nineteenth day of May, 1917, "the board of prison directors of the state of California, without any formal accusation, complaint or preliminary affidavit made against this petitioner, without due or any notice to this petitioner, and without giving him an opportunity to be heard, or the right of a trial, or the right to present evidence or witnesses in his behalf, ordered, adjudged and declared that all credits and all deductions of time allowed from his term of imprisonment under and in pursuance of the provisions of section 1588 of the Penal Code of the state of California, at any time theretofore earned by him, or at any time thereafter earned by him, be and the same were thereupon forfeited"; that the credits and deductions so declared forfeited, and to which it is alleged the petitioner is entitled, amount to one year and five months; that the petitioner has actually served, under the sentence imposed upon him by the court, up to the time of the application for this writ, four years, five months, and twenty-one days, and that with the credits and deductions allowed from said sentence, under the provisions of section 1588 of the Penal Code, "to all of which credits and deductions the prisoner is rightfully entitled," the petitioner has long since been, and now is, entitled to his liberty and discharge from said state prison.

The minutes of the meeting of the board of prison directors, held on the nineteenth day of May, 1917, contain the following record of the proceedings had by the said board relative to the charge of escape preferred before that body against the prisoner:

"No. 9411. Henry McDonald.

"The above prisoner was brought before the Board on a charge of having escaped from the State Highway Camp at Susanville on December 10, 1916. The charge was read and explained to him and being asked for his plea, the prisoner plead guilty, whereupon a motion was duly made, seconded and carried, and it was—

"Resolved that the Board find the prisoner guilty of the charge, and it was—

"Further Resolved that all credits earned and to be earned by him be and the same are hereby forfeited."

Warden J. J. Smith, at the mutual request of the attorneys for the petitioner and the attorney-general, was sworn as a witness before this court at the hearing of this petition and testified that the prisoner, without previous notice of the hearing of the charge of escape filed against him by the board of directors, was, on the day named in the minutes of the board, brought before that body and then and there entered a plea of guilty to the charge after the nature of the same had been stated and explained to him by the board. The warden further stated that that course was the customary one in all such cases, the practice of giving prisoners so charged formal previous notice of the hearing of the charge by the board never having been followed, as a general rule.

The points made by the petitioner, in support of his claim that he is entitled to be discharged from custody, are that the board of prison directors did not acquire jurisdiction to hear and determine the charge against him for the reason that no formal accusation or complaint, "or preliminary affidavit containing the charge against this petitioner was filed or made against him," and that, the petitioner not having been given the notice required by law, or any notice, of the pendency before that body of the charge against him, the said board never acquired jurisdiction of the person of the petitioner. It is hence argued that the action of the board declaring forfeited the deductions from his sentence to which the prisoner was entitled under the section of the Penal Code above named is absolutely null and of no legal force.

Section 1588 of the Penal Code provides that any convict "who shall have no infraction of the rules and regulations of the prison, or laws of the state, recorded against him, and who performs in a faithful, orderly and peaceable manner the duties assigned to him, shall be allowed from his term, instead and lieu of the credits heretofore allowed by law," a certain specified deduction from each year of said term. The section further provides: "Each convict shall be entitled to these deductions, unless the board of (prison) directors shall find that for misconduct or other cause he should not receive them. But if any convict shall commit any assault upon his keeper, or any foreman, officer, convict, or person, or otherwise endanger life, or shall be guilty of any flagrant disregard of the rules of the prison, or commit any misdemeanor, or in any manner violate any of the rules and regulations of the prison, he shall forfeit all deductions of time earned by him for good conduct before the commission of such offense, or that, under this section, he may earn in the future, or shall forfeit such · part of such deductions as to the board of directors may seem just; such forfeiture, however, shall be made only by the board of directors after due proof of the offense and notice to the offender."

[1] The obvious purpose of vesting in the governing board of the state prisons of California the right and the power to punish prisoners confined in those prisons in the manner prescribed by section 1588 is to compel, on the part of such prisoners, obedience to the rules of discipline established for the government of the conduct of the inmates of those institutions, a power quite essential to the maintenance of proper discipline of such prisoners and the orderly behavior of the prisoners. It is, therefore, plainly manifest that a proceeding instituted by the governing board of our state prisons for the purpose of ascertaining and determining whether a prisoner confined in any of said prisons has been guilty, while such prisoner, of an infraction of any of the prison rules or of any law of the state was intended to be summary in character only or not to be inaugurated and conducted after the fashion of the strict procedural rules by which cases are commenced and tried in the courts of justice. This conclusion is fortified by the consideration that the legislature has not, in terms, pro-

vided in section 1588 of the Penal Code, or in any other
law or provision of law of which we have knowledge, that
a charge preferred against a prisoner under said section
shall be in writing, nor, indeed, has it prescribed any
formal procedure by which such cases shall be commenced
before and investigated by the board. [2] Of course,
a prisoner charged with an offense under section 1588 is
entitled to be informed, before he is put upon his trial, of
the nature of such offense, and it is to be conceded that
it would be the more orderly to put the charge in writing
and in such language as would leave him in no doubt as to
the nature of the charge. Undoubtedly, a charge against
a prisoner, with a sufficient explanation of its nature, if
not in some other form of writing, is always inserted in
some book kept to preserve a record of the proceedings of
the board of directors; and, we may observe, in this case,
if we assume, as we are authorized to do, that the minutes
of the proceedings before the board of directors involving
the investigation of the charge against the petitioner state
the truth, the charge against him was in some written form,
it appearing from the minutes that ''the charge was read
and explained to him, and being asked for his plea, the
prisoner plead guilty.'' Whether the charge was merely
entered in some book in which evidence of the proceedings
of the board is preserved or written on a sheet of paper
disconnected with any such book, in either case it was
sufficient under the law. Indeed, we can see no reason for
holding that, in a strict sense, it would not have been
sufficient for the presiding officer or some other member or
the secretary of the board merely to state to the prisoner
orally the nature of the offense to which he was required
to plead.

[3] As to the second point, to wit, that the board of
prison directors did not acquire jurisdiction of the person
of the petitioner because he was not given the notice of
the pendency of the charge against him before the board
prescribed by section 1588, it is first to be conceded that
the provision of said section, as to notice in such cases,
is obviously mandatory. In other words, such notice must
be given in all such cases. The statute so provides and,
besides, the provision as to deductions from sentence becomes
a part of the judgment of sentence (*Ex parte Wadleigh*, 82
Cal. 518, 520, [23 Pac. 190]), and to deny to a prisoner

in such case, even if it were through omission by the legislature to make specific provision therefor, the right to be notified of a charge pending against him before the prison board would amount to a denial to him of the protection of the constitutional guaranty that no person's property or liberty or life shall be taken from him except by due process of law. But it will be observed that section 1588 does not require, in specific terms, that the notice to be given to a prisoner of the filing of a charge against him before the prison board shall be in writing, nor is it specified how much notice, as to time, shall be given the prisoner. It was, however, contended at the hearing of this proceeding that, where a statute or section of any of the codes requires a notice to be given of any proceeding or action to be taken before any tribunal against a party, such a notice must be in writing, and that, therefore, while section 1588 does not, in terms, require the notice therein mentioned and to be given a prisoner of the pendency of a charge against him before the prison board to be in writing, such a notice in such case must, nevertheless, be given. No authorities are cited in support of this proposition, but we suppose that its foundation is in section 1010 of the Code of Civil Procedure and some cases explaining the scope of that section. (See *Forni* v. *Yoell*, 99 Cal. 173, [33 Pac. 887], and cases therein cited; also, *Peterson* v. *Superior Court*, 30 Cal. App. 466, [158 Pac. 547].) We are of the opinion that neither the code section last above mentioned nor the decisions cited construing the same have any application to the notice referred to in section 1588 of the Penal Code. Nor do we find any reason for holding that written notice is imperatively demanded by the last-named section. So long as the prisoner is given due or such timely notice as will put him in possession of knowledge of the nature of the charge to which he is required to plead and as will afford him sufficient opportunity for the preparation of any defense which he may have, whether such notice be given in writing or orally, it is sufficient; for the obvious purpose of the notice referred to in section 1588 is to give the prisoner an opportunity to prepare any defense he may desire to offer in impeachment of the charge preferred against him and to offer such defense at the hearing of the charge.

[4]   It follows, from the foregoing views and conclusion, that there are two answers to the proposition that the petitioner here was not given sufficient notice of the filing of the charge against him, viz.: 1. That he was brought before the board and there notified of the offense with which he was there charged. In this connection, we remark that we must assume, in this proceeding, that had petitioner desired to contest the charge, he would have so stated to the prison board when notified of the pendency of the charge against him, and that the board would thereupon have given him ample opportunity to prepare his defense and to procure the attendance of witnesses to testify in support of his defense; 2. That the accused, upon being brought before the board, and the charge read and explained to him, entered a plea of guilty to the charge as so read and explained. To our minds, this latter action of the prisoner amounted to and, in fact, involved a waiver by him of any further or different notice than that which had been given him. The just interpretation of his plea to the charge is that he understood what the charge was, knew the consequences of a conviction, or a plea of guilty thereto; that he had no defense which he could interpose to the charge, and that, therefore, he did not desire to introduce evidence or to have a trial of the charge against him. In reply to the question of waiver, however, counsel for petitioner contend that the latter's appearance before the board to answer to the charge was not voluntary and that, therefore, his plea of guilty, under such circumstances, cannot legally be held to be a waiver. In connection with this contention, and as supporting it, it is suggested that jurisdiction cannot be conferred by consent or stipulation of the parties to a controversy upon a court or other tribunal. As to the first proposition, it is to be conceded that the appearance of the prisoner, in the proceeding instituted against him before the prison board, was not strictly a voluntary appearance. The warden testified that it was the uniform practice in such cases to take the prisoner from his particular place of confinement before the board and there notify him that an offense against the prison rules was pending against him and that the charge was to be investigated, and we assume that that was about what was done in this case. But the point is without merit.

While, as stated, it must be admitted to be true that the appearance of a prisoner before the prison board to make answer and defend against a charge of offending against the rules of the prison, where he does not himself or of his own volition offer to go before the board for that purpose, is, in a sense, involuntary, it must also be conceded that such appearance by a prisoner, circumstanced as is the petitioner or any other prisoner confined in one of our state prisons, is no less voluntary than is the appearance in court of a prisoner confined in a county jail on a felony charge to plead to the indictment or information accusing him of the offense. The latter may not make his appearance before the court to plead to the charge voluntarily, in the strict sense of that term. Indeed, it can safely be declared that he would undoubtedly prefer not to be arraigned and tried upon the charge at all, and would not appear for that purpose but for the fact that he is in custody and may be required to do so. A prisoner confined in a county jail upon a felony charge awaiting trial thereon cannot, obviously, if he pleads guilty upon his arraignment, complain that he was not given time within which to prepare himself for a trial which his plea shows that he did not want. And so in the case of a prisoner confined in the state prison, who has been charged before the prison board with an infraction of the established prison discipline. If, upon being taken before the board, he pleads guilty to the charge, such plea implies that, whatever the character of the notice given him of the pendency of the charge was, it was enough for him for the purposes of his plea, and it would be very strange, indeed, if he could thereafter successfully put forth the plea in the courts that he had not been given the notice essential to a preparation by him of a trial which his plea demonstrated that he did not desire. But it is too obvious to require even a suggestion of the proposition in this opinion that under such circumstances the prisoner would not have a legal leg to stand on before a court. His plea of guilty, as above declared, amounted to a waiver of the notice contemplated by section 1588, the purpose of which is, as we have shown, not to give the prison board jurisdiction of his person, but to enable him to make whatever preparation he may conceive to be necessary to resist the force of the charge against him.

To the second proposition—that is, that jurisdiction cannot be conferred upon a tribunal by consent—the answer is that the situation now being considered is not one where jurisdiction is conferred or attempted to be conferred by consent, but one where a party submits himself to the jurisdiction of the tribunal which (as we have shown) by the filing with it of a complaint against the accused charging him with an offense against the prison rules had acquired jurisdiction of the subject matter of the complaint or controversy.

[5] What is generally meant by the expression that "jurisdiction cannot be conferred upon a court by the mere consent of the parties" is that jurisdiction of the *subject matter* of an action or proceeding cannot be so conferred. The law itself fixes the jurisdiction of all tribunals—that is, it fixes or prescribes and limits the extent or scope of the power of all tribunals to hear and determine certain matters—and it is as clear as any proposition can be made that, where a court has under the law no jurisdiction to hear and determine a certain matter, then such court cannot be vested with jurisdiction of such matter by the consent or agreement of the parties to the controversy, or either of them. And this might in some instances be true if the court, having lawful jurisdiction of the subject matter of the controversy, has failed, for some reason, perhaps some reason arising from a misconception of the remedy suitable to the relief sought, acquired the right to put its general jurisdiction in motion as to that particular controversy. But, as above stated, where the question is as to the jurisdiction of the tribunal of the *person* of a party to a controversy of the subject matter of which such tribunal has jurisdiction under the law, the rule above discussed has no application. If a defendant in a civil action appears therein and answers or demurs to the complaint without having been regularly or duly summoned, he thereupon submits himself to the jurisdiction of the court in the action, and the court thus acquires jurisdiction of his person as effectually as though he had been served with summons in any of the modes prescribed by law. In a criminal case, the court, immediately upon the filing of a complaint, if the charge be an ordinary misdemeanor, or of an indictment or information, if the charge be an indictable offense, acquires

jurisdiction of the person of the accused to the extent that it is authorized by appropriate process to compel him to appear and plead to the charge and to stand trial thereon, if he pleads not guilty. [6] The situation as to a prisoner confined in a state prison is even different from that with regard to criminal cases arising in the courts; for, under the law giving to the board of state prison directors its powers as such, the said board has at all times for all the purposes of the state prisons and the government thereof jurisdiction of the persons of all prisoners confined therein. But if it be said that, since in a particular proceeding, like the one here, the prisoner's right to liberty is at stake, the law, therefore, contemplates that some preliminary special step be taken to give the board jurisdiction of the person of the prisoner in such particular proceeding, the answer is that, losing sight for the moment of the proposition that the board under the law giving it its powers as such has jurisdiction of and over the persons of all prisoners confined in our state prisons, the filing of a charge before the board against a prisoner, *ipso facto* gives the board jurisdiction of his person as to that particular proceeding to the extent that it is authorized to compel him to appear before the board and answer to the charge whether he desires to or not. But a conclusive reply to the whole contention in this case is that the petitioner submitted his person to the jurisdiction of the board of directors when he entered a plea of guilty of the offense of which he was accused before that body.

There is nothing said in the case of *In re Knowlton*, 136 Cal. 107, [68 Pac. 480], or the other cases cited in the briefs of petitioner, in conflict with the views herein expressed. In the Knowlton case it is merely held, as we here hold, that a prisoner proceeded against before the prison directors under section 1588 of the Penal Code is, by virtue of the requirement of said section, entitled to such notice of the proceedings or the charge against him as will afford him reasonable or sufficient opportunity to prepare for and present his defense and that the alleged offender shall not be convicted except upon a regular hearing of the charge preferred against him.

In concluding, we do not regard it amiss to suggest here that the better plan to adopt in such cases is to file

written charges against the prisoner with the prison board and thereupon serve upon the alleged offender written notice stating generally the nature of the charge preferred against him and that the same will be taken up for hearing at some future date, naming the date, and giving the prisoner all reasonably necessary time within which to prepare himself to meet the charge.

For the reasons herein given, the writ herein prayed for is denied and the petitioner remanded to the custody of the warden of the state prison at Represa.

Ellison, P. J., *pro tem.*, and Burnett, J., concurred.