[S. F. No. 13927. In Bank.—July 16, 1930.]

J. P. MORGAN, Petitioner, v. SUPERIOR COURT OF KINGS COUNTY et al., Respondents.

A. C. McClellan for Petitioner.

Clarence H. Wilson for Respondents.

SHENK, J.—Prohibition. On September 17, 1929, an attachment suit was commenced in the Justice's Court of Corcoran Township, Kings County. Judgment was en-

tered for the plaintiff for the amount prayed for and certain costs. Execution was issued. On November 27, 1929, the plaintiff filed a notice of motion to quash the execution and to modify the judgment so as to include therein certain costs incident to the attachment proceedings. The motion was denied and on December 26, 1929, the plaintiff filed his notice of appeal to the superior court. Thereafter the defendant in said action, petitioner herein, moved to dismiss the appeal on the ground that the same had not been taken within the time prescribed by section 974 of the Code of Civil Procedure. This motion was denied and the plaintiff then moved the court to set the cause for trial *de novo;* whereupon the present proceeding was commenced by the defendant in said action and an alternative writ of prohibition issued.

It is undisputed that notice in writing of the rendition of judgment was not given to the parties or either of them by the justice as required by section 893 of the Code of Civil Procedure. The appeal was therefore taken in time unless the notice of the rendition of the judgment was waived by the appellant.

█ It is the rule that in order to deprive a party of his right to written notice of the entry of judgment "there must be facts of record clearly indicating a waiver of such notice." (*Hughes Mfg. Co.* v. *Elliott,* 167 Cal. 494 [140 Pac. 17, 18].) A motion presented to the court by a party who thereby seeks to protect himself against an entered judgment has been held to import knowledge of such entry and to clearly establish a waiver. (*Peterson* v. *Superior Court,* 30 Cal. App. 466 [158 Pac. 547]; *Gardner* v. *Stare,* 135 Cal. 118 [67 Pac. 5].) The notice of motion filed by the plaintiff on November 27, 1929, would import such knowledge. █ But the petitioner contends that prior knowledge and consequent waiver on the part of the plaintiff were clearly indicated of record, by reason of the fact that the justice issued execution on the judgment on November 22, 1929; that section 901 of the Code of Civil Procedure provides that execution may be issued by the justice "on the application of the party entitled thereto"; that under the presumption that official duty has been regularly performed (subd. 15, sec. 1963, Code Civ. Proc.), it must now be conclusively presumed that the plaintiff made application

for the issuance of the execution and that such application imported knowledge of the entry of the judgment. We do not so conclude. It does not appear that the plaintiff made application for the issuance of the execution at any time after · entry of judgment. In fact, the defendant in said action would be most interested in the issuance thereof under the showing here made. It would be going too far to substitute the presumption that official duty had been regularly performed for knowledge of the entry of the judgment. The presumption did not attach to any act or admission of record on the part of the plaintiff and we cannot accord to it the force contended for by the petitioner. No sufficient reason appears why the respondent court should not proceed with the trial of the pending action.

The petition for the peremptory· writ is therefore denied and the alternative writ is discharged.

Richards, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.