[No. 7,624.—Department Two.]

## JEAN BARRON *v.* CHARLES DELEVAL

DEMURRER—LEAVE TO ANSWER—JUDGMENT.—When a demurrer to the complaint is overruled, and there is no answer on file, it is within the discretion of the Court to grant leave to answer or to order a final judgment in the case.

ID.—ID.—ID.—NOTICE—WAIVER.—Upon the overruling of the demurrer to the complaint the defendant's attorney was present in Court, and asked for and obtained leave to file an answer within five days. *Held*, that written notice was waived and a judgment by default was rightly entered after the expiration of the time.

APPEAL from a judgment for the plaintiff in the Superior Court of San Diego County. McNEALY, J.

*Brunson & Wells* and *A. B. Hotchkiss*, for Appellant.

When a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order. (Code Civ. Proc. § 476.) Notice must be in writing. (Code Civ. Proc. § 1010; *Borland* v. *Thornton*, 12 Cal. 448; *Flateau* v. *Kubeck*, 24 id. 364.) The statute has made no provision declaring that the presence of the party or his moving for leave to answer a waiver of notice. (*Bond* v. *Whitfield*, 28 Ga. 537; Wait on Notice, §§ 1335, 1341, 1342; *Hart* v. *Gray*, 3 Sumn. 339; *Fitts* v. *Whitney*, 32 Vt. 589.) The service of a written notice of the decision of the Court upon the demurrer was a precedent condition to the commencement of the time given the defendant within which to answer.

*Levi Chase,* for Respondent, cited Civ. Code, §§ 3528, 3532.

Morrison, C. J.:

On the 23d day of October, 1879, plaintiff brought his suit in the District Court of San Diego County, to foreclose a mortgage on certain real estate situate in the City of San Diego, and on the 24th day of the same month a demurrer to the complaint was filed on behalf of the defendant. This demurrer was signed by "E. W. Hendrick, attorney for defendant;" and at the time of the filing thereof, it was duly stipulated that it should not be taken up or disposed of, for sixty days. On the 26th day of December, 1879, another demurrer to the complaint was filed by one A. B. Hotchkiss, "attorney for defendant," but how he became such, in the place of the original attorney, Hendrick, does not appear in the transcript. On the 30th day of December, 1879, the following order was made by the Court: "Defendant's demurrer to plaintiff's complaint overruled, and five days allowed defendant to answer." It does not appear which of the two demurrers was overruled, but no point is made that they were not *both* overruled, and therefore the matter is of no consequence. On the 7th day of January, 1880, the five days allowed the defendant to answer having expired, and no answer having been filed, the default of the defendant was entered, and a decree was made, foreclosing the mortgage. No notice in writing was given of the overruling of the demurrer, but it appears from the bill of exceptions that "the defendant was present in Court by his attorney of record upon argument and ruling on the demurrer, and upon the same being overruled, requested of the Court time to answer, and five days time to answer was granted." The only point made upon this appeal is on the question of notice.

Section 476 of the Code of Civil Procedure provides that "when a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order;" and § 1010 of the same code provides that "notices must be in writing." This notice was not given, and the question is, was the giving of such written notice required, under the facts disclosed by the record in this case?

It is contended on behalf of the respondent that the appellant waived his right to a written notice by applying to the Court for leave to answer; and it is important to remark in this connection, that when the demurrer was overruled it was within the discretion of the Court either to grant leave to answer, or to order a final judgment in the case.

By § 472 of the Code of Civil Procedure, it is provided that "when a demurrer to a complaint is overruled, and there is no answer filed, *the Court may,* upon such terms as may be just, allow an answer to be filed;" and in the case of *Seale* v. *McLaughlin,* 28 Cal. 672, the Court say: " There was no error in entering judgment for want of an answer upon the overruling of the demurrer. 'When a demurrer to a complaint is overruled, and there is no answer filed, the Court may, upon such terms as may be just, and upon payment of costs, allow an answer to be filed.' (Pr. Act, § 68.) But it does not follow that it must in all cases be done. Ordinarily, the Court should doubtless allow an answer to be filed where the demurrer has been interposed in good faith, with some ground for supposing that it would be sustained. But in this case no leave was asked to file an answer, and the demurrer was manifestly frivolous, and confessedly put in to obtain time, without any intention to rely upon it. Under the circumstances there was, it is true, no improper use intended or attempted to be made of it by the attorneys who put it in. But there was no error in entering judgment upon overruling the demurrer thus interposed."

The complaint in the case now being considered was a simple one to foreclose a mortgage, a copy of the note being inserted in the complaint, and a copy of the mortgage being made a part thereof, with a proper prayer for judgment. It was not pretended, upon the argument of the appeal, that the complaint was in any respect defective, and it is perfectly apparent that the demurrer was a frivolous one, and was filed simply to obtain time. It was therefore within the legal discretion of the Court to grant or refuse leave to answer. No notice whatever of the order overruling the demurrer was required; and if the Court had immediately entered a final judgment in the case there would have been no error. The case therefore was not one in which any notice, verbal or

written, was required by the Code.  But conceding for the purposes of the argument, that it was the *absolute right* of the appellant to file an answer to the complaint, our conclusion would still be in favor of the regularity of the proceeding in the Court below.  If the appellant would, under ordinary circumstances, have been entitled to a written notice of the order overruling the demurrer, we are of opinion that such right was waived in this case.  The object of the notice, and the only purpose it can subserve, is, to bring home to the attorney knowledge of a fact upon which he is called upon to act.  But the right to a written notice, like any other civil right, may be waived, and we think it was waived in this case.  Section 3513 of the Civil Code provides that " any one may waive the advantage of a law intended for his benefit." Section 3528 of the same Code provides that " the law respects form less than substance, and § 3532 declares that "the law neither does nor requires idle acts."

In this case the appellant's attorney was present in Court when the decision of the Court overruling the demurrer was announced, and thereupon asked and obtained leave to file an answer within five days.  Can he be heard now to say that he did not have written notice of the decision ?  What purpose would a written notice of a fact of which the attorney had direct and positive knowledge have subserved ?  Would it not have been a vain and idle ceremony to have given him a written notice under the circumstances disclosed in this case ?  And not only did the attorney have actual knowledge of the fact that his demurrer was overruled, but he *acted* upon such knowledge, by asking and obtaining 'leave of Court to file his answer within five days.  To hold that the party and his attorney were not bound by this proceeding, had in open Court, would be trifling with justice, and also subversive of sound principles of law and morals.  (*The Georgia Lumber Co.* v. *Strong*, 3 How. Pr. 245.)

Judgment affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.