[Civ. No. 127.   Second Appellate District.—December 12, 1905.]

EMILY A. BILLINGS, Appellant, v. TRUMAN G. PALMER, Respondent.

JUDGMENT BY DEFAULT—PREMATURE ENTRY—SERVICE AND FILING OF AMENDED COMPLAINT.—The service of an amended complaint implies the filing thereof, and the delivery of a copy and acknowledgment of service made the day before the filing does not become effective until the date of the filing of the pleading.  A judgment of default entered by the clerk more than ten days after such service, but in less than the time allowed by statute, counting from the filing of the amended complaint, was prematurely entered, and was properly set aside.

APPEAL from an order of the Superior Court of Los Angeles County, setting aside a judgment by default.  D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Russ Avery, and W. C. Petchner, for Appellant.

Herbert Cutler Brown, for Respondent.

SMITH, J.—The case is: The plaintiff under an order allowing him to file an amended complaint delivered a copy of the proposed complaint to defendant's attorney, who indorsed

thereon: "Received copy of the within amended complaint this twelfth day of October, 1904," with his signature; and the complaint was filed on October 13th. Counting the time from the latter date, the tenth day would fall on October 23d, which was Sunday, and the defendant would have the whole of the 24th on which to file his answer. But the plaintiff, without awaiting the expiration of the time, caused default and judgment thereon to be entered by the clerk on that day. This judgment and default was afterward set aside on the motion of the defendant, on the ground that the clerk had no jurisdiction to enter the same; and the contention of appellant is that in this the court erred. But this contention, we think, is obviously untenable. "The service of an amended complaint," as required by sections 432 and 472 of the Code of Civil Procedure, *ex vi termini*, implies the filing of the pleading; for, until then, there is no amended complaint and there can be no service of it. Regularly, therefore, the service should follow or be contemporaneous with the filing. (*Galliano* v. *Kilfoy*, 94 Cal. 88, [29 Pac. 416].) And though, as is claimed by the appellant, it be the custom among lawyers to deliver the copy prior to the filing, and this may be taken as sufficient where the complaint is afterward filed, yet until then there is no service. (*Coker* v. *Superior Court*, 58 Cal. 178.) The default and judgment were therefore prematurely entered.

The order appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.