[Civ. No. 59266. Second Dist., Div. Five. June 1, 1981.]

GERALD K. BAKER, Plaintiff and Appellant, v.
ROBERT ANDERSON et al., Defendants and Respondents.

COUNSEL

Albert J. Garcia for Plaintiff and Appellant.

John L. Fort for Defendants and Respondents.

OPINION

**STEPHENS, J.**—The historical background for the instant controversy involves a different proceeding and though plaintiff, Baker, refers to it at length, reference thereto is unnecessary.

On June 16 and 18, 1979, defendants Anderson were served with a summons and complaint. On June 27, 1979, both defendants were served by mail with a first amended complaint, said complaint having been filed on June 29. Defendants took the papers to an attorney, Goldman, and instructed him to enter defenses. No action was taken by Goldman and defaults were taken on August 1, 1979; motion for default having been filed on July 31, 1979.

Goldman was contacted and he said that he would take care of the matter, but on August 10 Goldman informed defendants that any effort to set aside the defaults would be unavailing; that he would talk to defendants on his return from vacation, which he then took. Due to heart surgery, Mr. Anderson was unable to attend the prove-up hearing on August 20 but obtained the assurance that Goldman's associate would appear. No one appeared for defendants and default judgment was entered.

On November 2, 1979, a notice of motion to set aside default and judgment by default was served by mail on plaintiff. The motion was

filed November 9, 1979, and after hearing thereon, on November 30, 1979, the motion was granted on December 3, 1979. The ruling of the court was: "The Court finds the default judgment entered on 9/24/79 in Book 300035, while valid on its face, was void as to both moving parties for the Court did not have jurisdiction of either of them.... [¶] Where defendants had not appeared in this action—though validly served, and where time to plead had not expired—any amendment to the complaint had to be served in the same manner as service of the original complaint, i.e., personal service or appropriate constructive service; not mere service by mail as here." The court also stated that the amendments were not matters of form but of substance.

Section 472 of the Code of Civil Procedure provides: "Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or entered in the docket, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, and the time in which the adverse party must respond thereto shall be computed from the date of notice of such amendment."

As early as *Billings* v. *Palmer* (1905) 2 Cal.App. 432, 433 [83 P. 1077], the rule has been that where service of an amended complaint precedes its filing, it is the date of filing which governs the period until default may be taken. In the instant case default was taken 33 days after the filing of the amended complaint which had previously been served.

Appellants argue that service by mail is a proper means of serving an amended complaint. We need not rest our resolution of this appeal on that issue. Code of Civil Procedure, section 471.5 provides in part: "(a) If the complaint is amended, a copy of the amendments shall be filed, or the court may, in its discretion, require the complaint as amended to be filed, and a copy of the amendments or amended complaint must be served upon the defendants affected thereby. The defendant shall answer the amendments, or the complaint as amended, within 30 days after service thereof, or such other time as the court may direct, and judgment by default may be entered upon failure to answer, as in other cases."[1]

---

[1]We discount the possible argument that a delayed filing of an amended complaint where service thereof had preceded the filing would have the 30-day period commence running from the date of *service* rather than *filing*. We conclude that the delayed filing would delay the effective date of "service" within the meaning of the statute.

It is imperative that the purpose of the original complaint and issuance of summons be recognized as we analyze the problem before us. (Code Civ. Proc., § 410.50.)[2] Jurisdiction of the court is conferred over the party when that party is served. Appellant's argument is that once jurisdiction over the cause and parties has been established, further notification of actions within that cause (with certain exceptions which are inapplicable here) may be noticed by the substituted service provided for in Code of Civil Procedure sections 1010-1020.

For the purpose of notice, once the court had acquired jurisdiction of the cause and parties, and there was no need to prefer or require actual physical service where substitute service can achieve the desired result, what is the effect of Code of Civil Procedure sections 1012 and 1013[3] extending the period within which to act (by five days in the instant case)? Where the party must answer "within 30 days after service" (Code Civ. Proc., § 471.5), there is clearly an "act" to be done by the adverse party. (Code Civ. Proc., § 1013.) This latter section also provides specified additional days to so act. The rationale is clear; the Legislature recognized that where the service was by mail and "[t]he service is complete at the time of the deposit [in the course of mailing]" there would exist, in fact, a reduction of days to act occasioned by the activities of the mail processes. It established reasonable additional days to compensate for this delayed *actual notice*, so that the time within which the adverse party had to act would not be diminished. (*Montgomery* v. *Norman* (1953) 120 Cal.App.2d 855, 857-858 [262 P.2d 360]. See also *Highland Plastics, Inc.* v. *Enders* (1980) 109 Cal.App.3d Supp. 1, 7-8 [167 Cal.Rptr. 353].)

[2]Section 410.50 reads as follows: "(a) Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him as provided by Chapter 4 (commencing with Section 413.10). A general appearance by a party is equivalent to personal service of summons on such party. [¶] (b) Jurisdiction of the court over the parties and the subject matter of an action continues throughout subsequent proceedings in the action."

[3]Section 1012 reads as follows: "Service by mail may be made where the person on whom it is to be made resides or has his office at a place where there is a delivery service by mail, or where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail."

Section 1013 reads as follows: "(a) In case of service by mail, the notice or other paper must be deposited in a post office, mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. The service is complete at the time of the deposit, but any prescribed period of

██ Applying the above reasoning to the case before us, we note that the default was taken on either the 35th day after the service by mail, as argued in the briefs, or on the 33d day as we compute the time from the date of filing the amended complaint. Under either instance, the default would have been taken during the period in which the adverse party had time to act since under section 1013 of the Code of Civil Procedure, there were 5 additional days added to the 30 days from service as provided by Code of Civil Procedure section 471.5, making time to act by the defendant a total of 35 days from service. The defaults entered were void even if service by mail were to be held effective service. (*Sheehy* v. *Roman Catholic Archbishop* (1942) 49 Cal.App.2d 537 [122 P.2d 60].)

We recognize that the above analysis, postulating that this service was valid, does not coincide with the reason given by the trial judge for setting aside the default judgment, but under either rationale the same result would be obtained, i.e., that defendants are entitled to have the judgment set aside. Since in either instance the right to have the judgment set aside is founded upon jurisdictional grounds, the order is affirmed.

Affirmed.

Kaus, P. J., and Ashby, J., concurred.

---

notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States, but such extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal. [¶] (b) The copy of the notice or other paper served by mail pursuant to this chapter shall bear a notation of the date and place of mailing or be accompanied by an unsigned copy of the affidavit or certificate of mailing. The provisions of this subdivision are directory."