[No. C009277. Third Dist. Oct. 25, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
$20,000 UNITED STATES CURRENCY, Defendant;
LANE OLDHAM et al., Defendants and Respondents.

 

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Appellant.

Jack D. Wood and Leo A. Battle for Defendants and Respondents.

## OPINION

**SPARKS Acting P. J.**—While the substantive nature of this action is forfeiture, this appeal is concerned solely with the narrowly circumscribed question of whether the time granted to file an amended petition was extended by five days under the provisions of Code of Civil Procedure section 1013. The ruling in question granted a motion for judgment on the pleadings with leave to amend. Notice of that ruling was mailed to the losing party, who had also been present through an attorney at the time of the ruling. The trial court held that the time was not extended by mailing the notice of the ruling; instead, notice of the ruling was waived by counsel's presence at the hearing, so that the time to amend therefore ran from the date of the hearing. We disagree and hold that the time to file an amended pleading was extended for five days. Since an amended pleading had been timely filed within the extended time period, we shall reverse.

### PROCEDURAL BACKGROUND

The People, acting through the District Attorney of Butte County, filed a petition under Health and Safety Code section 11470 et seq. for the forfeiture

of $20,000 and other items seized by officers of the State Bureau of Narcotics Enforcement and the Butte Inter-Agency Narcotics Task Force. The petition named Lane and Sandra Oldham as the owners of the property. A second amended petition was filed on February 27, 1990. On March 23, 1990, defendant Lane Oldham moved for judgment on the pleadings. The hearing on that motion was set for April 13, 1990. At that scheduled hearing Judge Riley, sitting by assignment, granted the motion for judgment on the pleadings with leave to amend. Neither the allegations nor the basis for the ruling is relevant to this appeal. The minutes of the hearing reflect that counsel for the parties were present and that the motion was "granted with 30 days leave to amend."[1] It does not appear that the district attorney waived notice of that ruling in open court and no waiver of notice of the ruling appears in the minutes. The 30-day period expired on May 14 (the 13th being a Sunday) unless it was extended by provisions of Code of Civil Procedure section 1013, subdivision (a) (undesignated section references will be to this code). (See *Montgomery* v. *Norman* (1953) 120 Cal.App.2d 855, 857 [262 P.2d 360].) On April 13, the same day the motion was granted, counsel for defendant Lane Oldham served a notice of the court's ruling by mailing a copy to the district attorney. The notice recounted that "[t]he court granted [defendant] Lane Oldham's Motion for Judgment on the Pleadings, granting leave to plaintiff to file its amended complaint within 30 days."

By Tuesday, May 15, no amended petition had been filed. The real parties in interest presented a proposed judgment to Judge Gilbert of the Butte County Superior Court for him to sign. Judge Gilbert in turn caused the judgment to be mailed to Judge Riley in El Dorado County, who executed it on May 17; the Butte County Clerk entered the judgment in the judgment book on May 22. Meanwhile, the People had filed a third amended petition on May 16, two days late unless the time had been extended.

On May 25, the People moved to vacate the judgment under section 473 *solely* on the ground that their time to file the amended petition was extended by five days because the notice of the ruling on the motion for judgment on the pleadings was served by mail. (§ 1013, subd. (a).) The court denied the motion on June 15. It stated at the hearing, "All right[. M]otion to vacate is denied. And let me just read into the record the citations I've made here on my intended decision. *Bar*[r]*on* [v. *Deleval* (1881)] 58 Cal[.] 95. Also 49 Cal[.]Jur[.3d, P]leadings[,] section 160. [*Estate of*] *Keating* [(1910) 158 Cal[.] 1[09]. Also [*Guedalia* v. *Superior Court* (1989)] 211 C[al].A[pp].3d

---

[1] As the California Supreme Court noted in *Hardy* v. *Admiral Oil Co.* (1961) 56 Cal.2d 836, 841-842 [16 Cal.Rptr. 894, 366 P.2d 310], "[i]n ruling on a motion for judgment on the pleadings the trial court should, ordinarily, permit the party whose pleadings are attacked to amend if it so desires."

1156. Also [*Citicorp North America, Inc.* v. *Superior Court* (1989)] 213 C[al].A[pp].3d 563. I believe for reasons stated in those cases that [for] the parties at least that were present, 30 days meant and means 30 days, and thus the motion to vacate is denied."

 On July 13, the People purported to appeal from the order of April 13 and appealed from the order of June 15.[2] In this court, the People renew their argument that section 1013 extended their time to file the amended petition.[3] We turn to this not entirely simple question.

## DISCUSSION

Section 1013, subdivision (a) deals with service by mail. Under its terms, "[t]he service is complete at the time of the deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California . . . ."[4]

 As was well explained in *Citicorp North America, Inc.* v. *Superior Court* (1989) 213 Cal.App.3d 563, 567-568 [261 Cal.Rptr. 668], "Section 1013 is a procedural statute of general application and it is not limited only to rules or statutes which expressly incorporate its terms. It has been broadly construed. In the absence of an exception expressly created by statute or rules, section 1013 applies to extend any prescribed time period following service by mail. It is a 'service' statute and was intended by the Legislature to extend statutory deadlines and time periods initiated or triggered by a notice, document, or request which is served by mail. . . . [¶] Thus, the cases have consistently held that where a prescribed time period is commenced by some circumstance, act or occurrence other than service then section 1013 will not apply. [¶] On the other hand, where a prescribed time

[2]The first order, granting of a motion for judgment on the pleadings, is of course *not* an appealable order. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 269, pp. 568-569.) An order denying a motion to vacate a judgment made under section 473 is, however, appealable. As Witkin notes, "it has become an established rule that an appeal lies from the denial of a statutory motion to vacate an appealable judgment or order, i.e., from denial of a motion made under C.C.P. 473, C.C.P. 473.5 (formerly C.C.P. 473a), or C.C.P. 663." (9 Witkin, *op. cit. supra*, Appeal, § 114, p. 130 [italics deleted].)

[3]They also add an argument that the trial court erroneously believed it had no discretion under section 473 to "extend" the time to file. The above ruling shows the court labored under no such misapprehension on the sole ground proffered to it by the People.

[4]This subdivision further provides that the time shall be extended "10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States, but such extension shall not apply to extend the time for filing notice of intention to move for a new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal." (§ 1013, subd. (a).)

period is triggered by the term 'service' of a notice, document or request then section 1013 will extend the period." (Citations, fns. & italics deleted.)[5]

■ Ultimately, the question of whether section 1013 is applicable depends upon the triggering aspect of the service of notice. ■ ■ ■ Thus, this case turns on whether the time to amend the petition ran from the service of the notice of the order granting the motion (in which case the People would be entitled to an additional five days for its service by mail) or from the time the order itself was rendered in open court (in which case the fact that the notice of the motion was mailed to them would be a mere happenstance of no import).[6] The district attorney contends that the time to amend the petition was extended for five days under section 1013 because service of the notice was required by section 1019.5. The defendants in interest counter that section 1019.5 has no application here because section 472b is the more specific statute and it controls.[7] They further argue that under section 472b, as construed by the California Supreme Court, the presence of counsel at the hearing where a ruling is made constitutes a waiver of any notice of that ruling. As defendants see it, the People "did not have 5 more days because appellant's counsel, Deputy District Attorney Daniel Montgomery was personally present in court when Judge Riley announced the ruling. [The deputy district attorney's] presence rendered mailed notice of the ruling to appellant unnecessary. Alternatively, presence of appellant's counsel was a waiver of service of notice by mail of the court's ruling."

Section 1019.5 provides, "When a motion is granted or denied, unless the court otherwise orders, notice of the court's decision or order shall be given by the prevailing party to all other parties or their attorneys, in the manner provided in this chapter, unless notice is waived by all parties in open court and is entered in the minutes." ■ Under this general provision, the People were entitled to notice of the court's ruling, which was neither

---

[5]The case found the 20-day period for challenging a coordination proceedings judge was extended by section 1013, since the period ran from *service* of the assignment order, which had been effected by mail. (213 Cal.App.3d at pp. 566, 571.)

[6]The district attorney misapprehends this key issue, arguing he was entitled to written notice of the ruling pursuant to section 1019.5 and the Oldhams miss the point in arguing the section 1019.5 notice was waived. It cannot be gainsaid that the People were entitled to notice of the order. The district attorney is also wrong in claiming section 1013 is inapplicable *only* where "statutes of limitation" and "jurisdictional limits" are involved. "An *additional* principle involved in many of these cases is that section 1013 cannot be u[sed] to extend jurisdictional limits or statutes of limitation." (*Citicorp North America, Inc., supra,* 213 Cal.App.3d at p. 568, fn. 8 [italics added & citations omitted].)

[7]Section 472b provides: "When a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order, unless such notice is waived in open court, and the waiver entered in the minutes or docket."

countermanded by order of the court nor expressly waived in open court according to the record on appeal. ▮▮▮ But the fact they were entitled to notice is not determinative of whether this notice triggers the time to amend or is independent of it, since nothing in section 1019.5 states it is the trigger for any time period related to an order. Statutes and rules which invoke the extension provisions of section 1013 typically provide that the allotted time shall run from the service of the notice or other document. (See, e.g., *Citicorp North America, Inc. supra,* 213 Cal.App.3d 563 [Cal. Rules of Court, rule 1515]; *Villa* v. *Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 1076 [203 Cal.Rptr. 26] [former Cal. Admin. Code, tit. 8, § 10500]; *Carli* v. *Superior Court* (1984) 152 Cal.App.3d 1095 [199 Cal.Rptr. 583] [former § 2033, subd. (a)]; *Karz* v. *Karl* (1982) 137 Cal.App.3d 637 [187 Cal.Rptr. 183] [former § 2030, subd. (a)]; *Baker* v. *Anderson* (1981) 119 Cal.App.3d 1000 [174 Cal.Rptr. 307] [§ 471.5]; *Dept. Alcoholic Bev. Control* v. *Alcoholic Bev. Control Appeals Board* (1959) 169 Cal.App.2d 785 [338 P.2d 50] [former Bus. & Prof. Code, § 23081].) Since section 1019.5 does not explicitly provide that a time period is triggered by service of the written notice the statute requires, it is not, on its face, dispositive of the issue in this case. Instead, we must look elsewhere for the answer to this procedural conundrum.

▮▮▮ A motion for judgment on the pleading is a common law motion. Consequently, "no specific statute or rule prescribes the grounds or procedure of the motion . . . ." (6 Witkin, *op. cit. supra,* Proceedings Without Trial, § 262, p. 564.) Hence there is no statute which provides that the time to file an amendment after the granting of a motion for judgment on the pleadings shall run from the service of the notice. In the absence of such a statute, we look to the procedures governing a general demurrer, the closest statutory cousin to a motion for judgment on the pleadings.

▮▮▮ Had the defendants demurred rather than moved for judgment on the pleadings, the resolution of this issue would be guided by well-established principles. As we have already noted in the margin, section 472b specifically provides that "When a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order, unless such notice is waived in open court, and the waiver entered in the minutes or docket." Because the time to amend thus runs specifically from the *service of the notice* (*Parris* v. *Cave* (1985) 174 Cal.App.3d 292, 294 [219 Cal.Rptr. 871]; 5 Witkin, *op. cit. supra,* Pleading, § 933(2), p. 370), section 1013 ordinarily would apply.

The Oldhams, however, point out that the Supreme Court developed a judicial exception to the clear words of the predecessor of section 472b

which it has never affirmatively disavowed. The fountainhead of this stream of stare decisis is *Barron, supra,* 58 Cal. 95. In that case, the defendant unsuccessfully demurred and was given leave to file an answer. "No notice in writing was given of the overruling of the demurrer, but it appears from the bill of exceptions that 'the defendant was present in Court by his attorney of record upon argument and ruling on the demurrer, and upon the same being overruled, requested of the Court time to answer, and five days['] time to answer was granted.' " (*Id.* at p. 96.) The defendant did not file an answer within five days. (*Ibid.*) "Th[e] notice [under section 476, the predecessor to section 472b (see Code Amends., 1873-1874, Code Civ. Proc., § 61, p. 304)] was not given, and the question is, was the giving of such written notice required, under the facts disclosed by the record in this case?"[8] (*Ibid.*) The court concluded, "[W]e are of [the] opinion that such right was waived in this case. The object of the notice, and the only purpose it can subserve, is, to bring home to the attorney knowledge of a fact upon which he is called upon to act. But the right to a written notice, like any other civil right, may be waived, and we think it was waived in this case." (*Id.* at p. 98.) As the court explained, "In this case the appellant's attorney was present in Court when the decision of the Court overruling the demurrer was announced, and thereupon asked and obtained leave to file an answer within five days. Can he be heard now to say that he did not have written notice of the decision? What purpose would a written notice of a fact of which the attorney had direct and positive knowledge have subserved? Would it not have been a vain and idle ceremony to have given him a written notice under the circumstances disclosed in this case? And not only did the attorney have actual knowledge of the fact that his demurrer was overruled, but he *acted* upon such knowledge, by asking and obtaining leave of Court to file his answer within five days. To hold that the party and his attorney were not bound by this proceeding, had in open Court, would be trifling with justice, and also subversive of sound principles of law and morals." (*Ibid.*) The court reaffirmed this concept of deemed waiver in *Wall* v. *Heald* (1892) 95 Cal. 364, 367-368 [30 P. 551], and applied it in other contexts.[9]

---

[8] At the time of the *Barron* decision, section 476 provided in relevant part that "when a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order." (See *Barron, supra,* 58 Cal. at p. 96.)

[9] (See, e.g., *Forni* v. *Yoell* (1893) 99 Cal. 173, 177 [33 P. 887] [time for motion for new trial; court notes "evidence of a waiver which deprives a party of a positive right granted him by law should be of such positive and conclusive character as to leave no rational doubt"]; *Mullally* v. *Benevolent Society* (1886) 69 Cal. 559 [11 P. 215] [time to file memorandum of costs]; see *Estate of Keating, supra,* 158 Cal. at p. 114 [110 P. 109] [time to make request of clerk]; compare *Mallory* v. *See* (1900) 129 Cal. 356, 357-359 [61 P. 1123] [finding no waiver present where knowledge established only by affidavits, even though uncontroverted; "The rule would therefore seem to be that written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files, or minutes of the court; and

■ However, contrary to the representations of the Oldhams, former section 476, when renumbered as section 472b, was indeed amended, adding the latter clause "unless such notice is waived in open court, and the waiver entered in the minutes or docket." (Compare Code Amends., 1873-1874, Code Civ. Proc., § 61, p. 304 with Stats. 1933, ch. 744, § 33, p. 1851.) We do not think this amendment can be read as being consistent with the *Barron* line of cases allowing waiver to be implied from the losing party's mere presence at the hearing; otherwise, the Legislature would merely have said "unless the losing party is present." Rather, we think this an effort on the part of the Legislature, by allowing only an express waiver, to require evidence "of such positive and conclusive character as to leave no rational doubt" that the losing party intended to permit the time to amend to run immediately. ■ Therefore, these earlier cases are of no succor for the Oldhams; the time to amend a complaint following a demurrer runs from notice of the ruling, not the ruling itself even if counsel is present.

Having resolved this question in the context of a demurrer, we turn to the question in the context of the present case. ■ As we have noted, a motion for judgment on the pleadings is the functional equivalent of a general demurrer. "A motion for judgment on the pleadings is a nonstatutory but well-established procedure with the purpose· and effect of a general demurrer. Because the motion is, in effect, a general demurrer, the same rules apply." (*Sofias* v. *Bank of America* (1985) 172 Cal.App.3d 583, 586 [218 Cal.Rptr. 388] [citations omitted].) ■ Indeed, the only significant difference between the two motions is in their timing. "A motion for judgment on the pleadings is basically a general demurrer, except that there are no time constraints. . . . [¶] The main difference between a motion for a judgment on the pleadings and a general demurrer is that a motion for judgment on the pleadings may be made at any time—even after all the pleadings are filed or at trial." (2 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 3d ed. 1990) § 34.3, p. 34-4; see also 6 Witkin, Cal. Procedure, *op. cit. supra*, Proceedings Without Trial, § 263, p. 564.) ■ On this nonstatutory motion, we believe the time to amend must run from the service of the notice of the ruling in order to keep symmetrical the procedures involved in two essentially parallel motions. Otherwise, we would be laying a trap for the unwary (or inattentive), leading to adverse consequences for clients when the time to amend slips by because counsel forgot he attended a hearing for a judgment on the pleadings rather than a demurrer.

We thus deem as a matter of common law that the time to amend a complaint following a judgment on the pleadings runs from the service of

it follows that actual notice or knowledge, other than by written notice, is insufficient in any case unless it appears, from facts thus evidenced, that written notice was waived."].)

the notice required by section 1019.5. Since this notice was neither countermanded by court order nor expressly waived, and was served by mail on the People, their time to amend was consequently extended by five days by action of section 1013 and the court erred in denying relief under section 473 on that basis.

### DISPOSITION

The appeal from the order of April 13, 1990, is dismissed. The order of June 15, 1990, denying relief under section 473 is reversed and the cause remanded to the trial court with directions to enter a new and different order granting the motion under section 473 to vacate the judgment and thereafter to proceed upon the third amended petition as provided by law. The People shall recover their costs on appeal.

Nicholson, J., and Raye, J., concurred.