Filed 9/3/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DIANN MARIE DAVIS, | C086291 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2016-00190947-CU-NP-GDS) |
| v. | |
| DENNIS ROSS, Individually and as Trustee, etc., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Allen H. Sumner, Judge. Affirmed.

Philip E. Carey for Plaintiff and Appellant.

Gavrilov & Brooks, Ognian A. Gavrilov and Michael Coleman for Defendant and Respondent.

1

In a *2014* dispute between the parties over a disabled parking space, Dennis Ross filed a complaint with police stating that plaintiff Diann Marie Davis had vandalized his car afterward.  Davis entered a plea of no contest to misdemeanor vandalism in 2016. She then turned around and filed the present complaint against Dennis Ross both as an individual and as a trustee of his revocable trust, alleging false imprisonment, fraud, libel, slander, intentional infliction of emotional distress, and abuse of process.[1]  Twenty months later, at the outset of trial, the court granted Ross's motion for judgment on the pleadings premised on the litigation privilege (Civ. Code, § 47), entering a judgment of dismissal in October 2017.  The court subsequently denied Davis's motion for a new trial premised on a spoliation exception to the litigation privilege that Davis had already presented in opposition to the motion for judgment on the pleadings.  Davis then filed a notice of appeal in January 2018.

Davis again attempts on appeal to press the spoliation exception to the litigation privilege.  After preliminary review of the briefing, we solicited supplementary analysis from the parties to account for the effect, if any, of Davis's plea of no contest, and whether sanctions for a frivolous appeal were warranted.  We will affirm the judgment.

On the question of sanctions, our concerns about possible subjective bad faith in bringing this appeal are not warranted any longer in light of Davis's articulation of the bases on which she proceeded with it.  We accordingly do not find sanctions appropriate, and will not address the issue further.

---

[1]  Davis also attempted to file a claim against the City of Sacramento and one of its officers for false arrest.  We affirmed the judgment dismissing her petition for leave to file a late claim.  (*Davis v. City of Sacramento* (Jan. 9, 2018, C082918) [nonpub. opn.].)

## FACTUAL AND PROCEDURAL BACKGROUND

On appeal from a ruling sustaining a demurrer without leave to amend, we assume the truth of well-pleaded factual allegations, shorn of any legal conclusions. (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 959.) We may also consider facts that are properly subject to judicial notice. (*Ellis v. County of Calaveras* (2016) 245 Cal.App.4th 64, 70.) Since a motion for judgment on the pleadings (formerly nonstatutory, now codified at Code Civ. Proc., § 438) is the equivalent of a demurrer with the same purpose and effect, the same rules apply (*People v. $20,000 U.S. Currency* (1991) 235 Cal.App.3d 682, 691).

In a nutshell, both Davis and Ross had valid disabled person placards for parking in reserved spaces. In a dispute over a parking spot at the Arden Fair Mall, Davis did not see Ross display his placard when he pulled into a space that she had wanted. He left his car and apparently spoke with her before she parked elsewhere. She inspected his vehicle after she parked, finally observing his placard hanging from his rear view mirror. As she entered the mall, she noticed that Ross was filming her with his cell phone. He did not say anything to her about vandalizing his car. However, he then went to mall security and accused her of vandalizing the passenger side of his vehicle with a key. The next day, he made an oral complaint at the public counter of a police station.

A police sergeant came to Davis's El Dorado Hills home and told her that she would be subject to criminal charges unless she paid for the damages to Ross's vehicle. She denied committing any intentional act of vandalism, although she admitted she may have brushed up against the car as a result of her disability. Ross had presented police with four estimates he had obtained to repair the scratches on his car. When Davis did not offer to pay any of these estimates, the police sergeant obtained an arrest warrant for felony vandalism. Davis was detained overnight in the county jail. Davis alleged that the

3

damage was in fact preexisting, which Ross aggravated so as to appear new, as well as inflicting other new scratches.

In ruling on the motion for judgment on the pleadings, the trial court concluded that a report of a crime is subject to the absolute litigation privilege (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 361), which bars all causes of action save malicious prosecution. Davis could not allege malicious prosecution by virtue of her plea of no contest. (*Cote v. Henderson* (1990) 218 Cal.App.3d 796, 803.) That this might insulate alleged perjurers from liability is simply the price to be paid in furthering the vital public policy of affording free access to the courts. (*Ribas v. Clark* (1985) 38 Cal.3d 355, 364-365; *Doctors' Co. Ins. Services v. Superior Court* (1990) 225 Cal.App.3d 1284, 1300.) Davis's effort to evade the litigation privilege through her claim that her action was based on Ross's *conduct* in creating the false evidence of new scratches was a false dichotomy because such conduct is deemed communication that is equivalent to the preparation and presentation of false testimony. (E.g., *Pettitt v. Levy* (1972) 28 Cal.App.3d 484, 489.) The exception for *non-communicative* conduct (such as the *act* of a wrongful citizen's arrest or of illegally recording a phone conversation) did not apply. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1058, 1062-1063). In its ruling denying the motion for a new trial, the trial court concluded that an exception in the statute for a "*communication* made in *furtherance* of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party . . . of the use of that evidence," even if "the content of the communication is . . . subsequent[ly] publi[shed] or broadcast" in a privileged context (Civ. Code, § 47, subd. (b)(2), italics added)--an act termed "spoliation" (see *Hernandez v. Garcetti* (1998) 68 Cal.App.4th 675, 680)--did not apply, because Ross's communication to the police did not further the alleged manufacture of evidence in support of his report.

4

## DISCUSSION

The parties did not address the threshold issue of whether Davis's plea of no contest to misdemeanor vandalism has any preclusive effect in the present action. We asked for supplementary briefing on this point. We agree with Davis that *Leader v. State of California* (1986) 182 Cal.App.3d 1079, 1087-1088, is controlling. In order for a misdemeanor conviction to have preclusive effect in a subsequent civil trial, the offense must be "serious" (i.e., punishable by imprisonment) and the conviction *must be the result of a full and fair trial*. (*Ibid.*) As Davis's misdemeanor conviction was the result of a plea of no contest, it does not have preclusive effect in the present proceeding.

Turning to the issue on appeal, Davis does not dispute the trial court's reasoning in its rulings except for its rejection of the spoliation exception to the litigation privilege. As the express language of the statute provides, the spoliation exception to the litigation privilege applies only where the alleged alteration or destruction is intended to deprive a party of the *use* of the evidence (*Laborde v. Aronson* (2001) 92 Cal.App.4th 459, 464 [forgery in document does not deprive other party of its use]), and where a communication *furthers* the act of spoliation. Davis contends Ross's report to the police *furthered* his act of spoliation, because the entire point of the spoliation was to manufacture a criminal claim against Davis. She points out cases in which the manufacture of evidence for trial was considered to be a communicative act within the privilege but do not address explicitly whether the act was nonetheless spoliation within the meaning of the exception. Davis did not address in her opening brief the separate question of whether she was deprived of the *use* of Ross's car as evidence by its alleged alteration. She does assert in her reply brief that she was deprived of the use of the car in its *unaltered* state because it would be impossible to determine forensically whether the scratches were added afterward, and otherwise the inclusion of "alteration" in the statute would be without meaning (for which reason we should not find persuasive *Laborde*'s

5

abbreviated rejection of considering an alteration to a document to preclude use of the evidence).

There is a paucity of precedent on this question. Given the obscure nature of the provision, we have consulted the legislative history surrounding the enactment of this exception to the litigation privilege. It demonstrates that the exception is essentially a dead letter at present that does not have any application to the circumstances of this case.

In a 1990 case that was subsequently depublished,[2] this court concluded that the litigation privilege shielded a defendant from tort liability for, inter alia, intentional or negligent spoliation of evidence where the defendant subsequently made false statements during related litigation (premised on the absence of any evidence to refute a claim of contributory negligence) that purportedly resulted in reduced damages. (We cite this depublished case not for precedential value but for its role in the legislative response.) The legislative history repeatedly identifies the California Trial Lawyers Association (as the entity was then termed) as the sponsor of Assembly Bill No. 529 in order to preserve the then extant tort of intentional spoliation of evidence[3] from the application of the litigation privilege where a communication related to the spoliation occurred during a judicial proceeding. Thus, an April 1991 report of the Assembly Subcommittee on the Administration of Justice explains that the bill was intended in response to the plaintiff bar's concern with the holding in our 1990 case to withhold the privilege for a communication that is an element of liability in any action based on spoliation of

---

[2] *Forberg v. Stumbos & Mason* (Feb. 7, 1990, C003004) review den. and ordered nonpub. Apr. 26, 1990, S014680.

[3] *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 4, 17-18, ultimately ruled that tort damages were not available for intentional spoliation of evidence (in light of other nontort remedies) where the spoliation was or should have been discovered before the conclusion of the underlying litigation.

6

evidence: "[I]f [Assembly Bill No.] 529 is enacted, the privilege will <u>not</u> extend to the tort of malicious prosecution *or the torts of intentional and negligent spoliation of evidence*." (Assem. Subcom. on the Admin. of Justice, analysis of Assem. Bill No. 529 (1991-1992 Reg. Sess.) as amended Mar. 18, 1991, com. 3, p. 3, italics added.) On the bill's introduction in the Senate, the Senate Judiciary Committee noted in its report that the key issue was whether the *tort of spoliation* should have statutory recognition and be exempted from the reach of the litigation privilege because it posed the same threat to the integrity of the civil justice system as the already exempted tort of malicious prosecution. (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 529 (1991-1992 Reg. Sess.) July 2, 1991, com. 3, p. 3.) In an August 1991 report of the Senate Rules Committee, the exception had been limited to its present form (applying only to intentional spoliation), in order to preserve a cause of action for spoliation. (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Assem. Bill No. 529 (1991-1992 Reg. Sess.) as amended Aug. 22, 1991, pp. 1-2.) Finally, a September enrolled bill report echoed the sponsor's concern with the need "to expressly state in law that the litigation privilege[] do[es] not apply to bar lawsuits based on the *tort of intentional destruction or alteration of physical evidence*" simply because "the destruction of evidence may somehow be immunized by [a] subsequent, false communication in a judicial forum." (Off. of Criminal Justice Planning, Enrolled Bill Rep. on Assem. Bill No. 529 (1991-1992 Reg. Sess.) Sept. 13, 1991, p. 2, italics added.) The Governor signed the bill into law on September 18, 1991.

The present action is not premised on the tort of intentional spoliation. At best, Davis is contending that she was deprived of the use in evidence of Ross's vehicle in an unaltered state in defending against his criminal complaint against her. But it was Davis's choice to plead no contest to the vandalism charge against her rather than raise her present claim of intentional spoliation of evidence in Ross's exclusive control as providing a reasonable doubt as to her guilt. In any event, as intentional spoliation does

7

not exist any longer as a tort, and the legislative history is devoid of any intention to preserve tort liability for communications in furtherance of spoliation otherwise, the exception to the litigation privilege does not have any application to Davis's action. We thus will affirm the trial court's rulings.

## DISPOSITION

The judgment is affirmed. Ross is awarded his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


_____/s/_____
Butz, J.


We concur:


_____/s/_____
Raye, P. J.


_____/s/_____
Blease, J.