Filed 3/21/24  Tomrose v. City of Petaluma CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLIAM TOMROSE et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF PETALUMA et al.,<br><br>        Defendants and Respondents. | A165448<br><br>(Sonoma County<br>Super. Ct. No. SCV265155) |

Plaintiffs William and Renee Tomrose appeal from a judgment following the grant of a motion for judgment on the pleadings without leave to amend.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**A.  The Complaint**

In 2016, plaintiffs filed an action (case no. SCV265155) against the City of Petaluma and its Planning Division (collectively "defendants"), naming Scott and Cailin Nelson (the Nelsons) as real parties in interest.  The following is a summary of the allegations in the complaint, which we accept as true for purposes of assessing the judgment on the pleadings.  (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777 (*People ex rel. Harris*).)

1

Plaintiffs own real property with panoramic views of the city of Petaluma. In 2005, the City Council approved a tentative subdivision map for the Woodridge Planned Unit Development (PUD), which subdivided land downhill from plaintiffs' residence into five residential parcels, four of which were undeveloped. The Nelsons and their friends, Tyler and Brienna Doherty (the Dohertys), purchased these undeveloped parcels subject to the PUD. The PUD allowed, on each lot, a single-family dwelling with an attached garage, and tool or storage sheds. The PUD provided the new home design plans were subject to approval by the Site Plan and Architectural Review Committee with " 'sensitivity' " to neighboring properties regarding potential privacy issues and view obstructions. The PUD included a 30-foot setback requirement and building height limits.

In addition to the PUD, the City of Petaluma's Implementing Zoning Ordinance (IZO) established a "Hillside Protection ordinance" regulating the development of hillside and ridgeline properties. The City adopted the Hillside Protection ordinance as part of the PUD in 2017. Both the PUD and IZO contain diagrams governing the calculation of height limits on developments.

In 2017, the Nelsons presented plans to modify the PUD from four to two lots (one for their residence and one for the Dohertys') with common road access via Olive Street. This plan established a 50-foot setback from plaintiffs' property line. The City approved the lot change and increased setback, but the modifications never took effect because the Nelsons did not record the tentative parcel map. Instead, in 2018, the Nelsons submitted a new plan. Although the new plan would again modify the PUD from four to two lots, it redesigned and enlarged the Nelsons' home, reverted to a 30-foot

2

setback, and contemplated alternative access to the two lots (one via a proposed easement).

In 2019, the Nelsons installed the story poles on their property. Plaintiffs only then realized the proximity of the Nelsons' planned home to theirs and its effect on their views and privacy. The Planning Division approved the plan over plaintiffs' objections via resolution 2019-02. Plaintiffs appealed to the City Council, arguing the plan was contrary to the PUD and the IZO. In June 2019, the City Council upheld the Planning Division's approval of resolution 2019-02 with the caveat that the Nelsons' roof height be reduced a minimum of 40 inches prior to the issuance of a building permit.

Based on these allegations, the complaint sought a writ of administrative mandamus against the City of Petaluma to compel the City to set aside the City Council's rejection of plaintiffs' appeal. (Code Civ. Proc., § 1094.5.[1]) Plaintiffs claimed that the Planning Division and City Council abused their discretion in concluding the Nelsons' plans complied with the Woodridge PUD and IZO, and that their decisions were unsupported by the facts and the law. Plaintiffs also sought declaratory relief, alleging a controversy "concerning the obligations and duties of [the City] under the Woodridge PUD and the IZO" and requesting a declaration of the parties' rights and responsibilities under the PUD and IZO. Last, plaintiffs sought injunctive relief, alleging that defendants' refusal to comply with the PUD and IZO caused or threatened to cause irreparable and substantial harm.

Defendants and the Nelsons filed a joint answer to plaintiffs' petition and complaint. In 2020, the trial court granted plaintiffs' request for a preliminary injunction, enjoining defendants from issuing permits for the

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

development of the Nelsons' property, and enjoining the Nelsons from developing their property. The court subsequently held a hearing, denied plaintiffs' petition for a writ of administrative mandamus, and dissolved the preliminary injunction.

## B. Judgment on the Pleadings

After prevailing on plaintiffs' mandamus petition, defendants and the Nelsons jointly filed a motion for judgment on the pleadings directed toward plaintiffs' declaratory relief claim. Observing that the claim "seeks only a declaration related to the rights and responsibilities of the parties under the Woodridge PUD and the IZO," the motion contended an action for declaratory relief was not a proper vehicle for reviewing an administrative decision. Moreover, the motion argued, the declaratory relief action should be dismissed as moot (and without leave to amend) because the trial court had denied the mandamus petition, and so the requested declaratory relief was barred as a matter of law.

Plaintiffs opposed the motion, alleging their action for declaratory relief was not moot because they could still seek relief "in the form of a judicial declaration that they . . . possess an easement for vehicular ingress and egress across the Nelsons' property." Plaintiffs asked for leave to amend in the event the factual basis for their declaratory relief claim was insufficiently developed in the complaint.

Defendants and the Nelsons filed a reply arguing that plaintiffs' complaint sought a declaration against the City concerning their rights relative to the PUD and IZO, not potential easement rights against the Nelsons, which was not addressed in the administrative proceeding. Defendants and the Nelsons further contended the court should deny leave to

4

amend because plaintiffs filed another lawsuit, case no. SCV267853, against the Nelsons concerning the easement issue.

The trial court issued a tentative ruling granting the motion for judgment on the pleadings without leave to amend, reasoning that an action for declaratory relief is not appropriate for review of an administrative order. (*Hostetter v. Alderson* (1952) 38 Cal.2d 499, 500.) In tentatively rejecting plaintiffs' belated contention that their declaratory relief action instead pertained to the easement issue, the court observed that defendants (the City of Petaluma and its Planning Division) did not own the property where the alleged easement is located, and that the word "easement" appeared only once in the petition and complaint and referenced a different easement than the one to which plaintiffs presently claimed a right. In the court's view, plaintiffs "failed to establish justiciable questions as to the controversy of the easement in the Petition" and the matters judicially noticed did not repair the pleading deficiency.[2]

At the hearing on the motion, plaintiffs sought leave to amend to specifically allege the easement issue, indicating the Nelsons were planning to build a cabana in the middle of the plaintiffs' deeded easement. Plaintiffs noted that their easement was at least mentioned in the administrative record and described in a previously filed trial brief, though they acknowledged they had another lawsuit concerning the easement issue. Defendants and the Nelsons argued plaintiffs never brought up the easement issue in their administrative challenge thereby waiving it, they already filed

---

[2] The trial court took judicial notice of the petition for administrative mandamus and complaint, the answer, the order denying the petition for writ of administrative mandate, the order granting and dissolving the preliminary injunction, a city employee's 2019 report, and portions of the administrative record.

5

a separate action against the Nelsons and Dohertys concerning the easement issue, and both the Nelsons' and Dohertys' properties were burdened by plaintiffs' easement so the Dohertys were also necessary parties who had not been named in the instant action. Plaintiffs' counsel indicated that he wanted leave to amend because he wanted to go to trial, this action had been pending for longer than the other one, and he was unsure which action would get to trial faster (though he acknowledged he already had a trial date in the other case and none in the present case). Plaintiffs' counsel also expressed uncertainty whether the Dohertys were a necessary party to the easement issue, though he admitted they were a necessary party in the other case.

Ultimately, the trial court adopted its tentative ruling as its final order and entered judgment against plaintiffs. This appeal followed.

## DISCUSSION

A court may grant judgment on the pleadings in favor of a defendant when "[t]he complaint does not state facts sufficient to constitute a cause of action against that defendant." (§ 438, subd. (c)(1)(B)(ii).) The court may grant the motion with or without leave to amend the complaint. (§ 438, subd. (h)(1).) " 'A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law . . . .' " (*People ex rel. Harris*, *supra*, 59 Cal.4th at p. 777.)

Plaintiffs contend the trial court erred in granting the motion for judgment on the pleadings because they adequately pleaded the easement issue. We disagree.

A complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language" and "[a] demand for

6

judgment for the relief to which the pleader claims to be entitled." (§ 425.10, subd. (a).) "These requirements force parties 'to give fair notice of their claims to opposing parties so they can defend' [citation] and to ' " 'set forth the essential facts of [the] case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of [the] cause of action' " ' [citation]." (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1238–1239.)

Section 1060, governing declaratory relief, provides: "Any person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract."

Here, the complaint—which is 30 pages long and mentions the word "easement" only once—is plainly directed at the City's approval of the Nelsons' plans for their home (with particular focus on the Nelsons' 30-foot setback and the height of the home) in claimed contravention of the PUD and IZO. Reasonably viewed, the complaint neither addresses the Nelsons' alleged interference with plaintiffs' claimed easement nor seeks relief on that basis. Notably, the complaint's singular mention of the word "easement" is to a proposed easement in the Nelsons' 2018 plans for the Dohertys to access their parcel. The complaint does not allege that plaintiffs have a deeded easement on the Nelsons' property, much less plead any facts showing the existence of an actual controversy regarding the rights and duties of plaintiffs and the named defendants concerning the supposed easement. (*Tiburon v.*

7

*Northwestern P. R. Co.* (1970) 4 Cal.App.3d 160, 170.) As defendants point out, the cause of action for declaratory relief was specifically directed at them and entitled "Declaratory Relief Against Respondent City of Petaluma, C.C.P. Section 1060." (Boldface omitted.)

Plaintiffs contend the Nelsons knew about the easement dispute and therefore were adequately apprised that the declaratory relief cause of action concerned such dispute and that it was targeted at the Nelsons. This is unpersuasive. The fact remains that plaintiffs' complaint did not adequately plead a cause of action for declaratory relief based on the easement issue, and it contained no factual allegations acquainting the Nelsons with the nature, source and extent of plaintiffs' newly proposed cause of action pertaining to the easement.

In sum, we conclude the trial court did not err in granting the motion for judgment on the pleadings.

This brings us to the question of whether the trial court erred in denying leave to amend. "[A plaintiff] bears the burden of showing the defects in its complaint are capable of being cured by amendment. [Citations.] ' "To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden." [Citation.] The plaintiff must clearly and specifically state "the legal basis for amendment, i.e., the elements of the cause of action," as well as the "factual allegations that sufficiently state all required elements of that cause of action." ' " (*Vanacore & Associates, Inc. v. Rosenfeld* (2016) 246 Cal.App.4th 438, 454.) The plaintiff must demonstrate "that a reasonable possibility exists that amendment can cure the defects," and "neither the trial court nor this court

8

will rewrite a complaint." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44.)

Plaintiffs contend they could have amended their "cause of action" for declaratory relief by pleading the same facts concerning the easement issue as in their other action, case no. SCV267853. In making this argument, plaintiffs point to the first amended complaint in case no. SCV267853, which is included in the record. In short, that complaint names the Nelsons and Dohertys as defendants and seeks to quiet title to plaintiffs' alleged easement on the Nelsons' and Dohertys' properties. The complaint also seeks an injunction and damages against defendants for nuisance, due to alleged interference with use of the easement. We are not persuaded.

"Although . . . great liberality will ordinarily be allowed in the amendment of a complaint after the sustaining of a demurrer, it is settled law that a party may not file an amended complaint which states such an entirely new and different cause of action." (*Warden v. Kahn* (1979) 99 Cal.App.3d 805, 810, and cases cited; see *People v. $20,000 U.S. Currency* (1991) 235 Cal.App.3d 682, 691 [the rules applicable to a demurrer apply to a motion for judgment on the pleading].) Put another way, a plaintiff may not allege the "violation of an entirely different primary right . . . based upon an entirely different set of facts." (*Warden*, at pp. 809–810.) Under California's primary rights theory, a cause of action " 'is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.' " (*Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 630.)

Our review of the complaint at bar discloses it pertains to the City's approval of the Nelsons' proposed home in contravention of the PUD and

IZO.[3]  Thus, we agree with the trial court's determination that plaintiffs' proposed amendment would allege an entirely new injury based on new facts—i.e., the Nelsons and Dohertys disputing and willfully and maliciously interfering with plaintiffs' easement rights.  As such, we find no abuse of discretion in the court disallowing an amendment that seeks to raise an entirely new cause of action.[4]

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal. (Cal. Rules of Court, rule 8.278.)

---

[3]  Plaintiffs fail to challenge the trial court's ruling that an action for declaratory relief could not properly be used to obtain for review of defendants' approval of the Nelsons' proposed home.  Accordingly, plaintiffs effectively concede they could not amend their complaint so as to obtain declaratory relief against defendants based on the facts originally pleaded.

[4]  We note section 473 offers a mechanism by which a party may obtain the trial court's permission to amend a complaint to state a new claim.  (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2023) ¶ 7:148.1b ["To raise claims *unrelated* to those pleaded in an earlier complaint (i.e., a wholly distinct and different legal obligation of the defendant), plaintiffs should file either a new lawsuit or a *motion for leave to amend* (or supplement) their earlier complaint."].)  Plaintiffs, however, did not avail themselves of this mechanism.  Nothing in our opinion precludes plaintiffs from seeking to amend their complaint in their other action.

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Rodríguez, J.


_Tomrose v. City of Petaluma_ (A165448)


11